THE STATE v. HENRY MORRIS.

1. ORIGINAL PAPERS ACCOMPANYING TRANSCRIPT.—When original papers are ordered to be sent up with the transcript they should be forwarded with the transcript and their identity verified; it is improper to make such original papers part of the transcript.
2. BAD HANDWRITING, if not illegible, not a ground for quashing an indictment.

APPEAL from Mason. Tried below before the Hon. J. N. Everett.

The indictment was quashed, it seems, because some important words therein were deemed illegible, by the District Judge. The original not coming into the hands of the reporters they cannot furnish a *fac simile* of handwriting, held sufficient; which was all the question really submitted to the appellate court.

*George Clark, Attorney General,* for the State.

MOORE, ASSOCIATE JUSTICE.—On motion of appellee the

indictment against him was quashed because, as he insists, it "does not charge an offense in plain and intelligible words, but uses the unintelligible words, 'neat cattle' and 'the value.'"

To enable the court more certainly to perceive and appreciate the force and applicability of the objections, the original indictment was, by order of the court below, directed to be sent up with the transcript for our inspection. An examination which we are thus enabled to make of the indictment fully satisfies us that the objections to it are altogether frivolous and hypercritical. The indictment exhibits a better style of penmanship and is more plainly and distinctly written than at least one-half of the transcripts which come to this court, and is superior in these respects to the handwriting of a majority of the legal profession. There is not the slightest difficulty in seeing at a glance, and without aid from the context, that the words to which the objection refers are, "neat cattle" and "the value."

The transcript of the record in this case has not been made by the clerk with that care and attention to the law and the order of the court which he should have observed in the discharge of an official duty of this character. The original indictment should not have been incorporated into and made a part of the transcript, but, in obedience to the order of the court, it should, with a certificate signifying its identity, have been sent up with the transcript. The reversal of the judgment obviously requires the return of the indictment to the District Court, which, owing to the manner in which the transcript has been sent here, can only be done by its mutilation, while unquestionably it should properly remain as a record of this court entire and complete. But as this cannot be consistently with the due execution and enforcement of the law, it is ordered that the clerk shall file with the transcript a certified copy of the

indictment, and shall then return the original indictment to the District Court.

The judgment is reversed and the case remanded.

REVERSED AND REMANDED.