[No. 2213.]

G. B. ROLLINS *v.* THE STATE.

FORGERY—INDICTMENT.—It is an established rule that a written instrument to be the subject of an indictment for forgery, must be such as would be valid, if genuine, for the purpose intended.   If void or invalid upon its face, and it can not be made good by averment, the crime of forgery can not be predicated upon it.   In other words, if the instrument is absolutely void upon its face, it can not be made the subject of forgery; but, if the legality be doubtful, and by proper allegations its legality is capable of being shown to the court, it is a subject of forgery.   The indictment describes the instrument involved in this case as follows: "July 3, 1885.   Apolas (meaning Appollas) & (meaning and) Halsal. please let Mr. G. B. Rollins (meaning Mr. G. B. Rollins) have 4$ 00d (meaning four dollars) in goods and oblige; charge to me.   Joel E3ler (meaning Joel Eller.)"   *Held* sufficient, under the rule announced above, to support the assignment of forgery; wherefore the motion to quash the indictment was properly overruled.

APPEAL from the District Court of Collin.   Tried below before the Hon. R. Maltbie.

The conviction was for forgery, and the penalty assessed was a term of two years in the penitentiary.

J. S. B. Appollas, the senior member of the firm of Appollas & Halsal, merchants at Weston, Collin county, Texas, testified, for the State, that the defendant presented the order described in the indictment, and asked for goods on the same.   Explaining the said order to witness, he said that the order called for four dollars in goods, and that the same was written by Mr. Joel Eller in person, in his presence and view.   He said that he

could not explain why Mr. Eller placed the dollar mark between the two noughts and the figure four. Upon the faith of the order and the statements of defendant, witness delivered to him four dollars worth of goods. On that same evening Mr. Joel Eller came to the store, and pronounced the order a forgery.

Joel Eller testified, for the State, that the order in evidence, purporting to have been executed by him, was a forgery. He never executed the said order.

*Johnson & Jenkins,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. The appellant was convicted for forging the following order addressed to Apollas & Halsal, and purporting to have been drawn by Joel Eller.

"July 3, 1885

"Apolas & Halsal, please let Mr. G. B. Rollins Have 4$00d. in goods, and oblige. Charge to me.

"JOEL E3LER."

Appellant relies upon three propositions for a reversal of the judgment. 1. The indictment should have been quashed because it did not set out an instrument upon which forgery could be assigned. 2. The court erred in permitting a witness to explain or construe the instrument alleged to have been forged. That the instrument as it was written, and without explanation or construction, must be such as would, if true and genuine, have created, increased or diminished some pecuniary obligation of Joel Eller. That a witness should not be permitted to come into court and translate marks by stating what appellant said they meant; if so, appellant would be tried and convicted of forgery for what he said certain marks meant, and not on the written instrument. 3. A new trial should have been granted because the indictment alleged that the order was forged on Joel Eller, and the instrument bears a different signature.

We are impressed with the belief that a correct solution of the first proposition will dispose of the necessity of considering the others. We have copied above the original instrument, and the question presented is, can forgery be predicated or assigned upon said instrument?

We will state what we understand to be the rules relative to this question.

1. " When the law to which an instrument is subject makes it absolutely and every where inoperative without certain formalities, then, falsely to make it without such formalities is not forgery. Thus, if certain witnesses are necessary to make a deed or will, falsely making a deed or will without such witnesses is not forgery." (Whart. Crim. Law, sec. 697.) " But to further illustrate, if the law forbids the circulation of notes below a certain denomination, this does not release a person from forgery. For the banker may be made liable on such notes, the prohibition going only to a circulation, and there is also a possibility of defrauding third persons." (Whart. Cr. Law, sec. 699.)

2. " If the instrument is prima facie capable of legal use, it is forgery." (Id., 695.) "That the instrument, in order to make it prima facie proof, must appear upon the face of it to have been made to resemble a true instrument, so as to be capable of deceiving persons using ordinary observation, although those not scientifically acquainted with such instruments may not be deceived." (Id., 700.) "Whether a particular writing is sufficient, on its face, may be a question of difficulty. If a writing is so far incomplete in form as to have an apparent uncertainty, in law, whether it is valid or not, it does not follow that it may not be the subject of forgery. In such a case, the indictment must allege such extrinsic facts as will enable the court to see that, if it were genuine, it would be valid." (2 Bish. Cr. Law, sec. 545.)

Hence we may conclude that, if the instrument appears upon its face to be absolutely void, it can not be the subject of forgery. But if the legality be doubtful, and by proper allegations its legality is capable of being shown to the court, it is a subject of forgery.

In People v. Hornison, 8 Barb., 560, Mr. Justice Hubbard states the rule thus: "The rule seems, therefore, firmly established that a written instrument, to be the subject of an indictment for forgery, must be valid, if genuine, for the purpose intended. If void or invalid on its face, and *can not be made* good by averment, the crime of forgery can not be predicated upon it."

Now, it will not be contended in this case that the order in this case is absolutely void because of the want of formalities required by law. Hence, if obscure or of doubtful interpretation, by all the authorities it may be made the predicate of forgery by proper allegation of extrinsic matters, or, as in this case, by allegations

explanatory of words, figures and writing contained in the instrument; which are very admirably drawn in the indictment in this case.

Now, we are not to be understood as holding that all instruments, though not absolutely void, can be made the predicate for forgery simply by allegations in the indictment. The instrument, by an inspection of it alone, independent of extrinsic matters or explanatory pleading, must, by its very terms, words, figures and marks, appear to be that which by proper allegations *it is made to be.*

Now, how does this instrument impress us? Though vague, uncertain and without form or comeliness, still we are certain that it was intended for an order on Appollas & Halsal for four dollars in goods. And while we might not understand from the instrument itself whose signature was to the order, under the rules above stated this was made plain, and, as explained, is in harmony with the name to the order.

We are of the opinion that the order in question can be and was properly made the predicate for forgery. We are also of the opinion that the court did not err in permitting the State to prove the explanatory allegations in the indictment—this question depending upon the first. Nor did the court err in refusing to quash the indictment.

There being no error in the record the judgment is affirmed.

*Affirmed.*