## L. C. KENNEDY V. THE STATE.

### *No. 437. Decided April 21.*

. 1. **Forgery—Order Not Addressed to Any One.**—An order is subject of forgery, as an order for payment of money, and may create pecuniary obligation and affect property without being addressed to any particular person. Following Dixon v. The State, 26 So. W. Rep., 500.

2. **Same—School Voucher.**—Whether named or not in the order or school voucher, the county treasurer is the officer legally required to pay the same; and when signed by the trustees as directed by statute, it is in law addressed to that officer of the county in which the school district is situated.

3. **Indictment—Motion to Quash—Practice on Appeal.**—A motion to quash an indictment for insufficiency should specify the supposed defects with at least some degree of particularity; and where the questions submitted are questions of gravity, counsel presenting such questions should, on appeal, furnish the court with the authorities relied on by them.

4. **Original Papers Sent Up with the Record—Practice on Appeal.**—Where original papers are ordered to be sent up with the transcript they should be forwarded with the transcript, and their identity verified by proper certificate of the clerk separately from the transcript; and where this has not been done such original papers can not be considered.

APPEAL from the District Court of Harrison. Tried below before Hon. W. J. GRAHAM.

This appeal is from a conviction under an indictment charging appellant with forgery of a school voucher, or order, the punishment assessed being a term of four years' imprisonment in the penitentiary.

Omitting formal portions, the charge as stated in the indictment was, "that L. C. Kennedy, late of said county, on the 29th day of January, A. D. one thousand eight hundred and ninety-two, and in said county, and State of Texas, did then and there, without lawful authority, and with intent to injure and defraud, willfully and fraudulently make a false instrument in writing purporting to be the act of another, to wit, the act of J. C. Harcrow and J. W. Gorman, as trustees of School District No. 13, in Harrison County, Texas, which said false instrument is to the tenor following: ·

"No. 1.                                                    $45$\frac{00}{100}$

"HARRISON COUNTY, TEXAS, Jan. 29, 1892.

"Pay to L. C. Kennedy, or order, the sum of forty-five ($45$\frac{00}{100}$) dollars, out of the public school fund apportioned to the School District No. 13, for services as teacher in the public free school of said community for the month ending the 29th day of January, 1892.

" (1) J. C. HARCROW,<br>
" (2) J. W. GORMAN,<br>
" (3) —— ——,

"Trustees of —— School Dist. No. 13, in Harrison County, Texas."

The same being indorsed on the back, "Check for teacher's salary, Dist. No. 13, for month ending Jan. 29, 1892; amount $45$\frac{00}{100}$. Against the peace and dignity of the State."

To this indictment defendant's motion to quash, which was overruled, was as follows, viz: "Now comes the defendant and moves the court to quash the indictment herein, because the same charges no offense against the laws of the State of Texas." This same motion was again presented almost literally in defendant's motion in arrest of judgment, which was also overruled.

No additional statement is necessary.

*Y. D. Harrison,* for appellant.—The court erred in overruling defendant's motion in arrest of judgment in this cause, which reads as follows: "Now comes the defendant and moves the court to arrest the judgment of the court in this cause and set the same aside, because the indictment herein charges no offense against the laws of the State of Texas."

The instrument alleged to have been forged is a voucher upon the public school fund of the State of Texas, and the public school system of

the State is a creation of constitutional and statutory enactment, and prescribes the mode by which this fund shall be paid, and if the voucher fails to conform to the statutory requirements, it fails to create a pecuniary obligation and is therefore void. State Const. 1869, art. 9, secs. 1, 4; Acts 22nd Leg., p. 97 (as to county superintendent's duties); Rev. Civ. Stats., arts. 3736, 3746, 3776; South. on Stat. Const., secs. 325, 326.

Article 3776 of the Revised Statutes reads as follows: "The amount contracted by trustees to be paid teachers shall be paid on a check drawn by a majority of the trustees on the county treasurer, and approved by the county judge [or county superintendent]. The check shall in all instances be accompanied by the affidavit of the teacher that he is entitled to the amount specified in the check as compensation under his contract as a teacher."

On an examination of this statute we see that to make a school voucher valid there are four things to be done, viz: It must be drawn by a majority of trustees, upon the county treasurer of the county, not upon any county treasurer of the State, but upon the treasurer of the county of which they are trustees. It must be approved by the county superintendent of the county, and it must be sworn to by the teacher.

We say this voucher was not drawn upon the county treasurer, as is contemplated by the statute, because it is too indefinite. It means the county treasurer of El Paso as much so as Harrison County, and if the county treasurer of Harrison County were to refuse to pay it, you could not by any process known to the law compel him to pay it. It is not approved by the county superintendent, as the statute requires, and in the form it is in you can not compel him to approve it. Why? Because the statute says it must be sworn to by the teacher, and there is no affidavit attached to this voucher, and because it is not drawn on the county treasurer as the statute requires. This is a mandatory statute, and the fact that it mentions this particular mode of payment excludes the idea of any other mode of payment.

In Southerland on Statutory Construction, section 326, we find this language: "Where authority is given to do a particular thing, and the mode of doing it is prescribed, it is limited to be done in that mode; all other modes are excluded."

This voucher is different from any form of commercial paper, as notes, drafts, orders, bills, etc., in this: the statute prescribes a particular mode of drawing this voucher, and unless it is complied with the voucher is void, or creates no liability. It may be the means of effecting a cheat or swindle as it now is, but it creates no pecuniary obligation, nor does it tend to create a pecuniary obligation, because it is void ab initio.

To illustrate: It is like a married woman's acknowledgment to a deed. If a man attempts to forge her acknowledgment to a deed and

does not comply with the statute, and forges a defective acknowledgment and puts it on record, he is not guilty of forgery, because he has not complied with the statute, and the acknowledgment is absolutely void, and you have not affected the property in any manner whatever. Roode v. The State, 25 Am. Rep., 475; The People v. Galloway, 17 Wend., 540. So where the statute required three witnesses to a will to make it valid, and the man forged only the names of two, he was not guilty of forgery, because the will was void. 2 East's Cr. Law, 953 (this is known as Hall's case.)

"So a warrant on the State treasury which is void on its face for want of a seal, where it was held that if the statute prescribed the form of an instrument, unknown to the common law, so as to render any other form null, forgery can not be committed by making an instrument of that character which is not in the prescribed form." Cunningham v. The People, 4 Hun, 455.

This voucher is unknown to the common law. It is prescribed by statute. So the forgery of a magistrate's order, without a seal, directing the payment of money, when the statute requires a seal, can not be a forgery. Rex v. Rushworth, Russ. & R., 317.

I quote from an opinion delivered by Cowen, J., in the case of The People v. Shall, 9 Cowen, 778: "Here may be the forgery of a piece of evidence, which may be eked out by other evidence, the whole forming a mischievous compound." That answer would hold equally in every case cited—the void will, the void bill of exchange, the void receipt, and the void certificate. We are not to be put on an exploring expedition for possible evils. They must be palpable and tangible; a practicable fraud must be shown in the indictment, so that the finger may be put upon it. That a false writing, purporting to be nothing of itself, may be put to some fancied use as an ingredient in the work of mischief, can not be the contention of forgery.

In Rollins v. The State, 22 Texas Criminal Appeals, 548, we find this language, which I think is the law: "When the law to which an instrument is subject makes it absolutely and everywhere inoperative without certain formalities, then falsely to make it without such formalities is not forgery."

When the instrument fails to show on its face that it has any legal validity, but extrinsic facts are averred in the indictment which explain the instrument in such a manner as to show the court, if the facts are true, that the instrument will create a liability, still it is the subject of forgery, but it can not be the subject of forgery unless these extrinsic facts are averred in the indictment. King v. The State, 27 Texas Crim. App., 567; Rollins v. The State, 22 Texas Crim. App., 548; Hendricks v. The State, 26 Texas Crim. App., 176; Anderson v. The State, 20 Texas Crim. App., 595; Howell v. The State, 37 Texas, 591; Rembert v. The State, 53 Ala., 467; Id., 25 Am. Rep., 639; 8

Am. and Eng. Encyc. of Law, 523; Shannon v. The State, 109 Ind., 407.

In King v. The State, supra, the court says: "If a writing is so incomplete in form as to leave an apparent uncertainty in law whether it is void or not, a simple charge of forging it fraudulently, etc., does not show an offense, but the indictment must set out such extrinsic facts as will enable the court to see that if it were genuine it would be valid."

I would ask the court to examine this case and the one in 26 Texas Criminal Appeals, supra, closely, as they are strong cases on this proposition from our court.

In this indictment there are no extrinsic facts alleged by which the voucher can be explained to the court to show that it could be made to create any pecuniary obligation.

Admit that this voucher is true and the defendant were to sue upon it as it is, could he recover? Evidently not. Could he go into court and set up this instrument, and by writ of mandamus compel the county superintendent to approve it? Evidently not. Then if there is no way to collect it, how does it create any pecuniary liability? You may say it tends to create a liability. Then how far must an instrument tend to create a liability or affect property, under our statutory definition of forgery, to be the subject of forgery?

I think the fact that there were no extrinsic facts alleged in the indictment to explain the voucher, and by said means show to the court how and in what way it creates a liability, renders the indictment defective, and the motion in arrest of judgment should have been granted.

*R. L. Henry*, Assistant Attorney-General, for the State; and *J. B. Carter*, district attorney, filed the following brief for the State:

This is a case in which defendant is charged with the forgery of a school voucher or check for the sum of $45. The only point of serious aspect in the case, as I view the matter, is the question as to whether or not the instrument as set out in the bill of indictment is such an instrument as is capable of forgery; in other words, is the instrument set out in the bill of indictment void? If it is, then the bill of indictment is bad, and the judgment should have been arrested and the indictment quashed. You will notice that the bill of indictment is an ordinary bill, without the allegation of any extraneous facts at all, and sets out the instrument alleged to have been forged in hæc verba. The contention in the District Court was, that in so far as the document was not addressed to the county treasurer of Harrison County, and the defendant had not forged the approval of the county superintendent of public instruction, that it was so incomplete as not to be such an instrument as was susceptible of being charged as a forgery; that it was too incomplete to have any validity. Of course I have not found any

case exactly in point, but in the Mees case, reported in 5 Southwestern Reporter, 243, the report sets out the voucher and does not show that it was approved by any one, and the same law was in force that the county judge had to approve the vouchers drawn for any purpose. The statute does not prescribe the form of a school voucher or check at all. In the Mees case, the court held that the instrument set out in the bill of indictment was capable of being forged. I can not tell from the report of the case what the question was, but I suppose you can find the case papers if necessary, and see from them the points raised. There is no doubt in my mind that if the instrument was a true instrument it could be used as evidence in mandamus proceeding against the county superintendent.

In the Thomas case, 18 Texas Criminal Appeals, 213, judging from the testimony in the case the county judge approved the voucher himself, and they held in that case that forgery could be assigned on the instrument, but reversed on account of defects in bill of indictment. The only case that I have been able to find with reference to the address is the case reported in 2 Northwestern Reporter, 956, and is an Iowa case, and that holds that forgery can be assigned on an instrument, though the payee's name nor the drawee's name is mentioned. In this case the instrument was simply drawn on no one, and was to pay to bearer, and they held it good.

As to the bill of exceptions to a supposed variance between the instrument offered in evidence and the one set out in the indictment, I do not think there is anything in that, for the indictment copies the instrument as nearly as possible, and the character "L" complained of therein, which they insist is a "D," is copied in the indictment, and by reference to other parts of the same instrument it will be seen what it really was. The original instrument and the original bill of indictment is sent up in the transcript by order of the court.

It is further contended by counsel for defendant, that the indictment ought to allege that the voucher or check was accompanied with a teacher's report and an affidavit, and that the indictment was defective in not doing so. Kennedy was not charged with forging a monthly report, nor was he charged with false swearing in order to get the voucher approved by the superintendent, but he was charged with the forgery of the check part of the school voucher, and the forgery was charged as to the falsely making the check part and signing the trustees' names without lawful authority. The only case I have found touching this question is a California case, reported in 27 Pacific Reporter, 781, in which they hold, that a bill of particulars was not necessary to be set out in charging the forgery of an order by school trustees on the proper officer ordering a warrant, and holds that forgery was well assigned upon the order without setting out bill of items.

On the question of the sufficiency of the evidence to sustain a conviction, I will refer you to 16 Southwestern Reporter, 423, and 1 Texas Criminal Appeals, 745.   You will find the question of forgery reported extensively in 8 American State Reports, 463, and note (this is the case of Hendricks); 26 Texas Criminal Appeals, 176; and also in 22 American Decisions, 302 (case of Arnold v. Cost), and notes.   These are all the authorities that I have had access to.   There is a case of Allen v. The State, decided recently by the Court of Criminal Appeals, something about a commissioners court order, but I have not been able to get hold of the opinion.

DAVIDSON, JUDGE.—Appellant was charged with, and convicted of, forging the following instrument:

"$45.00.                    "HARRISON COUNTY, TEXAS, Jan. 29, 1892.

"Pay to L. C. Kennedy, or order, the sum of forty-five ($45.00) dollars out of the public school fund apportioned to the —— School Dist. No. 13, for services as teacher in the public free schools in said community for the month ending the 29th day of January, 1892.

"To County Treasurer, —— County, Texas.

"(1)  J. C. HARCROW,
"(2)  J. W. GORMAN,
"(3)  —— ——,

"Trustees of School District No. 13, in Harrison Co., Texas."

Motion to quash was made because the indictment charges no offense. The particular defect or defects are not sought to be pointed out.   We are informed, through brief of counsel for the State, that the contention is that the voucher not being directed to any person, is not the subject of forgery.   Whether being generally addressed to the "Treasurer" is sufficient or not, we take it, is not of great importance.   The law points out the treasurer as the party who shall pay school vouchers such as the one in question.   Whether named or not, the treasurer is the party who is legally required to pay the voucher.   It does not affect the validity of the instrument that his name be omitted.   Instruments of writing may create pecuniary obligations, affect property in some manner, and be the subject of forgery, without being directed or addressed to any particular person.   This question was fully investigated in the unreported case of Dixon v. The State (decided by the Court of Appeals of Texas at its Austin Term, 1889, opinion by White, P. J., 26 So. W. Rep., 500.)   In Roscoe's Criminal Evidence it is said: "The prisoner was indicted for uttering a forged instrument for the delivery of goods, in words and figures following: 'Gentlemen: Be so good as to let bearer have 5½ yards of blue to pattern, etc., and you will oblige W. Reading, Mortimer St.'   The request was not addressed

to any one. The prisoner being convicted, the recorder respited the judgment, to take the opinion of the judges on the question whether, as the request was not addressed to any individual person by name or description, it was a request for the delivery of goods, within the words and true intent of the statute. All the judges who were present at the meeting held the conviction right." Rosc. Crim. Ev., 555, 556, 583; Rex v. Carney, 1 Moody Crim. Cas., 351. In Reg. v. Pullbrook, 9 Carrington & Payne, 37, the judges held, that an instrument merely specifying the goods may be shown to be a request by the custom of the trade. See Reg. v. Rogers, Id., 41; Reg. v. Snelling, 1 Dears. Crim. Cas., 219. In Snelling's case, supra, the following instrument was held to be the subject of forgery, though addressed to no one: "Sirs: Please to pay to the bearer, Mrs. J., the sum of 854*l*. 10*s*. for me. James Ramsey." In Noakes v. The People, 25 New York, 382, it was said: "It is insisted on by the counsel for the prisoner, in support of the first request, to charge that the instrument set out in the indictment is not upon its face the subject of forgery, as it is not addressed to any one. If it be essential that an order or request for delivery of goods, to make it the subject of forgery, should on its face be directed to a particular person, there then would doubtless be force in this objection. A reference to the language of the section of the statute would seem to indicate that there is not much force in this argument. * * * The paper under consideration would therefore seem to fall within the very words of the statute, and is precisely of that character which the Legislature, by the forgery of and the passing or uttering of which, intended to subject the offender to indictment and punishment." Over objection that it was addressed to no one, the following order was held in Tennessee to be the subject of forgery: "May: Let Lorie Rogers have nineteen (19.00) dollars in goods, and charge to me. W. C. Pell." Peete v. The State, 2 Lea, 513; Whart. Crim. Law, secs. 680–695. Mr. Desty says: "An order is subject of forgery, as an order for payment of money, though no consideration be expressed; and a writing not addressed to any particular person may be an order for the payment of money;" and further, that "an order for the delivery of goods is subject to forgery although not addressed to any one, or a request to deliver goods to bearer." Desty Crim. Law, pp. 606, 607, sec. 150, and notes 1–3, for numerous cited authorities; The State v. Bauman (Iowa), 2 N. W. Rep., 956. See also Hendricks v. The State, 26 Texas Crim. App., 179; Dovalina v. The State, 14 Texas Crim. App., 324. If the instrument affects property, it is the subject of forgery. Alexander v. The State, 28 Texas Crim. App., 186. In the case before us, whether the instrument was or was not addressed to the treasurer of Harrison County is not material—does not affect the validity of the document. The law directs that officer to pay such vouchers, and when the voucher is signed by the trustees, as directed

by the statute, it is by law addressed to the treasurer of the county in which is situated the school district. We are now speaking of those school districts which are not independent districts. The treasurer only holds the money subject to the legal and proper order of the trustees of the respective school districts of his county.

Under the one general ground of the insufficiency of the indictment to charge an offense we have discussed this question. It is to be regretted that questions of such gravity are not particularly pointed out by parties desiring their determination, and the authorities relied on by them furnished this court. It would tend greatly to expedite the work of deciding cases on appeal, as well as to accuracy and correctness of decision. We are left but too often to grope through general questions, very generally stated, without assistance from counsel to ascertain the real point at issue. This should not be so. The particular question should be distinctly pointed out and specified.

By bill of exception it is urged that there is a variance between the allegations setting forth the defendant's name and the proof adduced to support it. It is contended the original voucher shows the name to be D. C. Kennedy, whereas the indictment alleges it to be L. C. Kennedy. If the original voucher could be considered, we are of opinion, upon inspection, it shows no variance. The indictment copied the name as nearly as possible as set out in the original. But it can not be considered, because not identified as the original voucher nor certified to by the clerk. Where original papers are ordered to be sent up with the transcript they should be forwarded with the transcript, and their identity verified by proper certificate of the clerk, and separately from the transcript. Carroll v. The State, 24 Texas Crim. App., 313; The State v. Morris, 43 Texas, 372.

As the record is presented to us, we are of opinion the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Judges all present and concurring.