## TOM LEWIS v. THE STATE.

### No. 4486. Decided January 20, 1909.

**Assault to Murder—Indictment—Handwriting—Variance.**

In a prosecution for an assault with intent to murder, where the evidence showed that the name of the injured party was "Coats," and it was claimed that this name appeared as "Coots," in the indictment, and it appeared from an inspection of the original indictment that the "a" in the name of the assaulted party is identical with all the other "a's"—14 in number—appearing in the indictment in other words therein used; and there was no question as to the name in fact, or possibility as to the identity of the injured party, there was no variance and the indictment was sufficient.

Appeal from the District Court of Travis. Tried below before the Hon. Charles A. Wilcox.

Appeal from a conviction of aggravated assault; penalty, a fine of $150.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Travis County, on a charge of assault with intent to murder one Henry Coats. On trial he was convicted of an aggravated assault and his punishment assessed at a fine of $150.

The charge of the court is a correct statement of the law of the case and the evidence well supports the conviction. There is practically only one question raised in the motion, which is presented in various forms; and that is, that there was a variance between the name of the injured party, as alleged in the indictment, and the name of the party upon whom the assault was in fact shown to have been made. The name of the injured party was Henry "Coats." It was claimed by counsel for appellant that the name of the assaulted party, as written and stated in the indictment, is Henry "Coots." By direction of the district judge, the original indictment is sent up as part of the record. On a hearing of the motion for new trial, Mr. Jas. R. Hamilton, district attorney for the Austin District, filed a sworn statement and contest to the motion, in which he stated, in substance, that there is no variance between the proof and the indictment; that the letter "a" as made by the district attorney in the word "Coats" is made just as the district attorney always makes an "a" and is made in said word "Coats" as all other "a's," fourteen in number, are made in said indictment; and that the copy of the indictment served upon the defendant had the name "Coats" spelled "C-o-a-t-s," just as the district attorney spelled the same in the indictment; and the undisputed testimony on the trial of the case was

the testimony of the district attorney himself, offered as a witness by the defendant, in which the district attorney stated to the jury: that the letter "a" which the defendant's attorney claimed looked like an "o" was an "a" made just as he (the district attorney) always made an "a," and just as he (the district attorney) had made all the other fourteen "a's," in said indictment, and on the back of same.

An inspection of the indictment in which the name of the assaulted party is used, would, if said name stood alone, look like it was spelled "Coots;" but an examination of the entire indictment shows that the "a" in the name of the assaulted party is identical with all the other "a's"—fourteen in number—in the indictment. There was, as stated, no question as to the name in fact of the alleged injured party; there was no possibility of any doubt as to the identity of the person charged to have been assaulted. Appellant could not have been surprised, misled, or in doubt as to the name of the person and the identity of the person upon whom the alleged assault was made. There is no defense based upon the "weightier matters of the law," and practically none in the testimony. There is no complaint of the charge of the court. The defense is wholly technical, and, as we believe, hypercritical. It is elementary that in indictments and proceedings in law and the most solemn and important contracts, that they are not to be avoided, either for bad spelling or bad grammar. Shall we hold that, because the district attorney does not write with the absolute precision of copper-plate, or steel-engraving, dot all his "i's" or cross all his "t's," that the convictions of the courts shall be set aside and the labor of the law rendered unavailing? We do not think this sort of doctrine ought to have any standing in a court of justice.

The judgment of conviction is affirmed.

*Affirmed.*