### PINK GREEN v. THE STATE.

No. 1331. Decided November 1, 1911.

**Forgery—Indictment—Extrinsic Facts—Subject of Forgery.**

It is not necessary that the alleged forged instrument should be directed to any particular individual, and where it is necessary to explain the terms of the instrument, it is proper to do so, and where the instrument was such that it would be valid if genuine, the indictment was sufficient.

Appeal from the District Court of Lee. Tried below before the Hon. Ed R. Sinks.

Appeal from a conviction of forgery; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of sufficiency of indictment: Plemans v. State, 44 Texas Crim. Rep., 555; Hendrix v. State, 26 Texas Crim. App., 176; 9th ed. Wharton's Pleading and Practice, section 740; Coltar v. State, 40 Texas Crim. Rep., 165.

DAVIDSON, PRESIDING JUDGE.—The indictment contains two

counts, the first of which charges appellant with forgery of the following instrument, set out according to its tenor:

"2/16 1911
let Roy Denman
have 685 (meaning thereby $6.85) L. T. Burns."

The second count charges appellant with passing to H. C. Goebel as true the said forged instrument, knowing it to be a forgery, etc.

The indictment is attacked on demurrer because it does not set out an instrument upon which forgery can be assigned, and again, that it is an instrument with no legal force or efficacy whatever, and that the indictment attempted to make said instrument effective by averments of extrinsic facts which are in no way suggested by said instrument and without charging appellant with knowledge of such fact. The only averment explanatory of anything contained in the alleged false instrument is where the figures 685 appear as explanatory averment, meaning thereby $6.85. Answering that part of the criticism of appellant, we are of opinion that this explanatory averment is suggested by the instrument itself, and was necessary to be placed in the indictment in order to explain and show what the three figures 685 meant, and that it was proper to make such explanatory averment. We are of opinion that the general allegation, that the indictment does not set out an instrument upon which forgery can be assigned, is not sound. The instrument itself, it is true, is directed to no one, but this is not necessary. An instrument can be the subject of forgery without being directed to any particular individual. Dixon v. State, 26 S. W. Rep., 500; Kennedy v. State, 33 Texas Crim. Rep., 183; Forcey v. State, 131 S. W. Rep., 585. These cases discuss this question at length and cite the authorities. They settle that phase of the law in Texas, to wit, that it is not necessary in forged instruments that the same be directed to any particular individual.

It is an established rule that a written instrument, in order to be the subject of an indictment for forgery, must be such as would be valid if genuine for the purpose intended. If void it can not be made good by averment. The crime of forgery can not be predicated upon it. In other words, if the instrument is absolutely void upon its face, it can not be made the subject of forgery, but if the liability be doubtful and by proper allegations its legality is capable of being shown to the court, it is the subject of forgery. See Rollins v. State, 22 Texas Crim. App., 548, and Anderson v. State, 20 Texas Crim. App., 595. The same may be said where the reading is so imperfect and obscure, without reference to extrinsic facts, it will not support an indictment for forgery, unless these facts are averred and by the averments it is made apparent that it has the capacity of effecting fraud. Where an indictment is incomplete on its face so that as it stands it can not be the basis of legal liability, then to make it the

technical subject of forgery, the indictment must aver such facts as will invest the instrument with legal force, but if the meaning of the transaction can be with sufficient certainty discovered from the instrument itself, it will not be necessary to state matters of evidence so as to make out more fully the charge. Applying these rules, we are of opinion that the instrument, as it was originally drawn with the figures 685, was not as clear and as certain as it might be, and there was some imperfection or obscurity in regard to this matter, and it was necessary to explain this by alleging that the 685 meant $6.85. Otherwise this instrument seems to be clear of any ambiguity, and is clearly the subject of forgery. It was not necessary to address it to anybody, nor was it necessary to add at the end of the instrument, before the signature of Burns was attached to it, that he, Burns, as signer of the instrument, would pay that amount for Roy Denman. His legal liability followed as a matter of law, if he signed the instrument for that amount. This was an order in favor of Roy Denman for $6.85, and signed by L. T. Burns. This instrument, we think, was clearly the subject of forgery. If it had been a correct and true instrument, and Burns had signed it in favor of Denman, and Denman had secured the money upon it, there is no question but what it would have created a liability against Burns for that amount of money, and he would have been legally compelled to pay it at the hands of the holder of the order.

Appellant did not file a brief or cite us to any authorities in support of his proposition. This is the only question presented by the record. There are no bills of exception, nor is there a statement of facts sent up for our inspection.

Being of opinion that the instrument is the subject of forgery, that is, that it would be a valid instrument if true under the statute of forgery, and that it is sufficiently plead in the indictment to charge the offense, the judgment will be affirmed, and it is accordingly so ordered.

*Affirmed.*