### EDMUND ROGERS v. STATE.

No. 2232.    Decided February 12, 1913.

**1.—Assault to Rape—Indictment—Words and Phrases.**

Where the word, "teo," was in fact, "ten," with reference to the date alleged in the indictment, when taken in connection with the entire sentence employed, there was no error in overruling a motion to quash on that account. Following Lewis v. State, 55 Texas Crim. Rep., 167, and other cases.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to rape, the State's testimony sustained the verdict, there was no error, although there was a conflict of testimony; this is a question of fact for the jury.

Appeal from the District Court of Washington. Tried below before the Hon. Ed. R. Sinks.

Appeal from a conviction of assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Buchanan & Stone,* for appellant.—On question of insufficient testimony: Montresser v. State, 19 Texas Crim. App., 281; Gazley v. State, 17 id, 267 Dusek v. State, 48 Texas Crim. Rep., 519; Draper v. State, 57 S. W. Rep., 655; Alcorn v. State, 94 S. W. Rep., 468; Perez v. State, 50 Tex. Crim. Rep., 34, 94 S. W. Rep., 1036.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted in this case of an assault to rape the person of Delila Lockett, a girl under fifteen years of age, and his punishment assessed at two years confinement in the State penitentiary.

Appellant filed a motion to quash the indictment on the following ground: "Because the said indictment does not contain any date that the alleged rape was committed, it only providing as follows, to-wit: 'That Edmund Rogers on or about the 6th day of February one thousand nine hundred and teo.'" The court approved the bill reserved to this action in overruling the motion with the following qualification: "The original indictment has been ordered sent up with the record for the inspection of the court, it being my opinion that what was claimed in the motion to be 'teo' was ten." We have carefully inspected the original indictment and are of the opinion that the court was fully authorized to hold that the word in the indictment was "ten" and not "teo." (Morris v. State, 43 Texas, 372; Witten v. State, 4 Texas Crim. App., 70; Hutto v. State, 7 Texas Crim. App., 44; Hennessey v. State, 23 Texas Crim. App., 340; Lewis v. State, 55 Texas Crim. Rep., 167.) Appellant could not have been misled to his prejudice, and as the word can be read as well "ten" as any other way, and when taken in connection with the entire sentence shows plainly how it should be so read.

The only other ground in the motion for new trial complains of the insufficiency of the testimony to sustain the conviction. The jury, twelve good and lawful men of Washington County, who tried appellant, deemed it sufficient; the trial judge who considered the evidence on motion for new trial thought it ample, and we are asked simply because of a conflict in the testimony of the prosecuting witness, and the fact, as contended by appellant, that it comes from a questionable source, to wholly disregard it. The contention is mainly, that this witness for the State is unworthy of belief; that the circumstances show her testimony to be fabricated at the instance of another. Doubtless all these contentions were argued and presented

to the jury by the able counsel representing appellant. If it should be admitted that from reading the record a reasonable doubt was raised in our mind, we are not authorized to substitute our judgment for that of the jury. It is not a question of what would have been our verdict had we been members of the jury who tried appellant, but the question for us to decide, if the jury believed the testimony offered in behalf of the State, does it sustain the verdict, and, if so, then the verdict must stand. There is no such conflict in the testimony of the prosecuting witness as to render it wholly inconsistent with human wisdom and experience. In her direct testimony she tells of how the offense occurred in a way that is consistent with the way such offenses are committed on children, and while the record discloses that a splendid defense was made, and the jury would perhaps have been justified in returning a verdict of not guilty, yet they did not do so, and under such circumstances we feel impelled to respect their verdict.

The judgment is affirmed.

*Affirmed.*