William J. RUMMEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 48048.

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Harold L. Warford, San Antonio, for appellant.

Ted Butler, Dist. Atty., Antonio G. Cantu and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for giving a worthless check over the value of fifty dollars ($50). The punishment was assessed at three (3) years.

The record reflects that the appellant entered a plea of guilty before the court after waiving trial by jury. He was duly admonished before the plea was accepted and stipulations were entered in accordance with Article 1.15, Vernon's Ann.C.C.P. in the manner described in Degay v. State, 455 S.W.2d 205 (Tex.Cr.App.1970).

In his sole ground of error appellant contends the indictment is fatally defective because it contains "rank hearsay."

A Xeroxed copy of the check in question is set out on the face of the indictment. Across said check is stamped the words "Insufficient Funds."

Then we find the following explanatory allegation in the indictment:

"The words and numerals 'Insufficient Funds Insufficient Funds' in the center and the encircled words and numerals '1–31 Jul 1972 ASB2 Aug Aug 372 3007 3007' in the center and the numerals '0000017500' in the lower left hand corner where (sic) added to said instrument after it was passed to Charles Moore . . . ."

It is this allegation of which appellant complains for the first time on appeal without citation of authority.

If it was an unnecessary allegation, as appellant apparently contends, we fail to see how he was harmed by the State giving itself a greater burden of proof than necessary when he fails to object on appeal.

It appears, however, that the State believed such allegation was a necessary one since otherwise the instrument set out in the indictment could not be the subject of the offense of giving a worthless check because it is marked on its face "Insufficient Funds."

In Payne v. State, 391 S.W.2d 53 (Tex. Cr.App.1965), where the check in question bore upon its face "Forgery," this court wrote:

"Appellant correctly, we think, contends that the instrument set out in the

indictment could not be the subject of forgery or of passing a forged instrument because it shows on its face to be a forged instrument. Bagley v. State, 63 Tex.Cr.R. 606, 141 S.W. 107; Green v. State, 63 Tex.Cr.R. 510, 140 S. W. 444; Rollins v. State, 22 Tex.App. 548, 3 S.W. 759." See also Olson v. State, 394 S.W.2d 511 (Tex.Cr.App. 1965); Acuff v. State, 429 S.W.2d 888 (Tex.Cr.App.1968).

The explanatory allegations did not render the indictment fundamentally defective.

The judgment is affirmed.