D. L. MATTHEWS v. THE STATE.

No. 8481.     Delivered November 19, 1924.

No motion for rehearing filed.

1.—Manufacturing Intoxicating Liquor—Jurors—Examination of—on Voir Dire.

Appellant was not permitted in his *voir dire* examination of the jurors, to ask them if they were members of the Ku Klux Klan. We have repeatedly held this to be reversible error. See opinion for authorities collated.

2.—Same—Bills of Exception—Should be Complete.

Complaints against the ruling of the court upon the admission of evidence, is to be determined by the bill of exceptions and not by the motion for a new trial. Unless such bills are clear and comprehensive and in compliance with rules repeatedly laid down by this court, they will not be considered.

3.—Same—Variance in Date—Not Material—When.

Proof that appellant made whisky at a time varying from the date upon which the offense is laid, in the indictment is proper, if within the period of limitation antedating the presentment of the indictment.

Appeal from the District Court of Hardin County. Tried below before the Hon. J. L. Henry, Judge.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, three years in the penitentiary.

*Howth Adams,* and *O'Fiel & Hart,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Manufacturing intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of three years.

The point made against the indictment was decided in favor of the State in Ex Parte Gilmore, 88 Texas Crim. Rep., 529.

The refusal of the court to permit the appellant to interrogate, on their *voir dire,* the members of the venire who served on the jury touching their relations with the Ku Klux Klan was error. See Reich v. State, 94 Texas Crim. Rep., 449; Benson v. State, 95 Texas Crim. Rep., 311; and authorities cited; also Meador v. State, 253 S. W. Rep., 297; Belcher v. State, 257 S. W. Rep., 1097; Welk v. State, 257 S. W. Rep., 1098.

The complaint of the appellant that in admitting proof of the second raid upon his premises the rule against the receipt in evidence of extraneous crimes was transgressed is not made sufficiently clear by the bill of exceptions for this court to determine that error was committed. In the absence of a showing in the bill to the contrary the correctness of the court's ruling will be presumed. In this connection, we call attention to the fact that the merits of the complaint against the ruling of the trial court upon the admission of evidence is to be determined by the bill of exceptions and not by the motion for new trial. In matters of that kind the motion for new trial is superfluous. See Sessions v. State, 81 Texas Crim. Rep., 424.

The proof that the appellant made whisky at a time varying from the date upon which the offense is laid in the indictment, where the evidence antedates the presentment of the indictment and is within the period of limitation, is not inadmissible. It was the privilege of the State to prosecute upon any transaction within the period of limitation antedating the presentment of the indictment.

There are many bills of exception in the record relating to the introduction of evidence. A discussion of them is deemed unnecessary inasmuch as the matters may not be presented in the same light upon another trial.

The error of the court in unduly limiting the right of examination of the jurors upon their *voir dire* is conceded by the State's Attorney such as to demand a reversal of the judgment. It is so ordered.

*Reversed.*