## N. H. SPILLMAN V. THE STATE.

No. 10727. Delivered March 2, 1927.

Rehearing denied April 13, 1927.

1.— Aggravated Assault — Evidence — Of Previous Difficulty — Properly Admitted.

Where, on a trial for an aggravated assault, there was no error in permitting the injured party to testify that appellant had assaulted him a couple of weeks before the assault, which forms the basis of this prosecution. Proof of former grudges, prior ill-will and difficulties between the same parties is always admissible.

2.—Same—Evidence—Properly Admitted.

There was no error in permitting a witness to testify to the effect that at the time of the alleged assault herein, witness could smell the odor of intoxicating liquor upon appellant's breath. Such testimony was plainly admissible.

ON REHEARING.

3.—Same—Bill of Exception—Qualification of Court—Controls.

Where appellant's bill complaining of the testimony of prosecuting witness to the effect that appellant had assaulted him a couple of weeks before, and such bill is qualified by the court with the statement that the testimony was admitted on re-direct examination, in explanation of matters brought out by appellant on his cross-examination of said witness, the qualification controls the bill, and no error is presented.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for an aggravated assault, penalty thirty days in the county jail.

The opinion states the case.

*Mays & Mays, Hubert Foreman,* and *O. Ellis, Jr.,* of Amarillo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of an aggravated assault, punishment thirty days in the county jail.

There are two bills of exception. The first shows appellant's objection to testimony by the alleged injured party that appellant had assaulted him a couple of weeks before the assault which forms the basis for this prosecution. No citation of authorities is needed to support the proposition that proof of former grudges and prior ill-will and difficulties between the parties is admissible.

The other bill of exceptions was taken to testimony of a witness to the effect that at the time of the alleged assault herein witness could smell the odor of intoxicating liquor upon appellant's breath. Such testimony was plainly admissible.

A discussion of the facts seems unnecessary. They are ample to support the judgment.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We set out in our former opinion no analysis of the two bills of exception. No complaint is now made of our holding in regard to the second of said bills, but appellant complains of the fact that in regard to our opinion in overruling his first contention we failed to give any reasons, or state them at any length. Bill of exceptions No. 1 shows that the assaulted party was allowed to testify as follows:

"He (meaning defendant) had beat me up once before without any cause; he had knocked me down a couple of weeks before that; after the defendant knocked me down he left the premises."

This was objected to because not the assault for which appellant was on trial; a different transaction; improper and prejudicial to prove a previous difficulty between the parties; immaterial and irrelevant.

It is the universal holding that a mere statement of objections in a bill of exceptions is not enough. The truth of those things asserted as grounds for such objections, must be verified in the bill. Nothing appears in the bill under consideration from which we may know that the testimony objected to was not material, or to show that it was improper or prejudicial. The statement that it referred to a different transaction does not suffice. There must be such a statement of facts as that we may know that proof of something occurring at a different time was not materially related to some issue involved in the present case.

There is an explanation attached to the bill being considered, which escaped our notice. The trial court therein states that

defense counsel had asked prosecuting witness on cross-examination if it was not true that when he came into the house where appellant was, on the occasion of the alleged assault, he did not speak to appellant, and it is stated that in explanation of this fact the witness was asked on re-direct examination, "Why did you not speak to him?" and witness gave as his reason that appellant had knocked him down some two weeks before. No objection was made to this qualification to said bill of exceptions. It appears perfectly relevant.

We have before us appellant's brief which reached this court too late for consideration before the case was originally decided, but same has been examined in connection with this motion. The facts, from the state's standpoint, showed apparently an unprovoked assault upon a man much older than appellant. Conflicts in testimony are for the jury's settlement, and there seems ample support in this case for the conclusion of guilt reached by them.

The motion for rehearing will be overruled.

*Overruled.*