CLIFFORD PRATHER v. THE STATE.

No. 17482. Delivered March 27, 1935.
Rehearing Denied May 1, 1935.

The opinion states the case.

*S. H. Glover,* of Conroe, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ninety-nine years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed E. M. Walker by shooting him with a gun.

The uncontroverted testimony on the part of the State was as follows: Deceased was an employee of a filling station. At 1 a. m., August 18, 1934, an automobile occupied by appellant, Lloyd Rayburn and another man was driven to the station. Appellant told deceased he wanted a tire. All of the tires on the automobile, as well as the two extras, were in good condition. Rayburn said that they were having tire trouble. Appellant and deceased walked together to the back of the filling station, where the tires were kept. While Elbert Wood, an employee of the station, was engaged in conversation with Rayburn he heard a shot. Turning around, he saw appellant shoot deceased. At this juncture Rayburn got out of the automobile with a double-

barrel shotgun, and, pointing it at Wood, said: "Just as well kill this s—of—a—b— too." Wood ran away. On the occasion of the homicide deceased was armed with a .45 pistol which was in a scabbard suspended to a belt. He also carried a Derringer in his pocket. The handle of the .45 pistol extended out of the scabbard and was in plain view. When deceased was found in the station in a dying condition he had the Derringer in his hand. It had not been fired. The pistol he had carried in the scabbard was gone. As he lay on the floor dying deceased was asked: "Were they trying to rob you?" He replied: "Yes." Deceased said that he did not know the parties; that there were three of them in a coupe; that they tried to rob him. Appellant and Rayburn were arrested on the following morning. They had in their possession deceased's .45 pistol and a shotgun. The pistol contained two empty shells.

Appellant did not testify in his own behalf, and introduced no witnesses.

Bill of exception 10 relates to appellant's objection to the reception in evidence of proof to the effect that shortly before the homicide appellant and Rayburn perpetrated a robbery in Walker County. We deem it unnecessary to consider the objection to the testimony of Thurman West set forth in said bill, in view of the fact that Warren Vann, a witness for the State, testified without objection on the part of appellant, as shown on page 68 of the statement of facts, that appellant robbed the cafe in which he was working in the early morning of the 16th or 17th of August, 1934. West's testimony, which was objected to, was the same as that given by Vann without any objection. The erroneous admission of testimony does not call for a reversal if the same fact is proven by other testimony not objected to. Enix v. State, 16 S. W. (2d) 818; Pyor v. State, 225 S. W., 374; Burgess v. State, 225 S. W., 182.

It is recited in bill of exception No. 13 that Archie Bennett testified at the instance of the State that appellant and Lloyd Rayburn came to his filling station in Houston on the night of August 17, 1934, and robbed him of twelve dollars. Other than said recital, the bill sets forth that appellant objected on the ground that the testimony was irrelevant, immaterial, incompetent, constituted proof of extraneous offenses, and was not admissible for any purpose. After the statement of the grounds of objection, the bill contains a recital that the court overruled said objections and defendant excepted. The statement of the grounds of objection in a bill of exception is not a certificate that the facts which form the basis of the objection are true.

It merely shows that such an objection was made. Enix v. State, supra, and authorities cited. From 4 Tex. Jur., page 338, the following is taken: "A bill of exception complaining of the admission of evidence over the objection that it related to an extraneous crime, not connected with the one for which the defendant was on trial, must show that the ruling was erroneous and harmful to the appellant. It must show that the testimony complained of actually involved an extraneous crime, and show facts negativing the idea that it was within one of the recognized exceptions to the rule excluding proof of extraneous crimes; hence the bill is insufficient where it does not negative the fact that motive was an issue, or does not show that the proof was not materially related to some issue involved in the case at bar, or was not admissible as a part of the res gestae or part of a system."

In the case of James v. State, 138 S. W., 612, the accused was on trial for selling intoxicating liquor on the 11th of July. Over his objection the State proved by a witness that he bought whisky in his place of business on the 6th of July. This testimony was objected to on the ground that the previous sale did not prove or tend to prove the sale alleged to have been made on the 11th of July. In concluding that the bill of exception was insufficient to show that the testimony was not admissible, Judge Davidson, speaking for this court, used language as follows: "It is well settled that, where the sale has been made out positively and clearly, the introduction of other sales is not permissible as evidence to go to the jury. But it is also well settled that there are exceptions to this general rule, and if the evidence tends to develop res gestae or show the intent or connect the defendant with the offense for which he is being tried, or it is intended to show system where system becomes a part of the case it may be pertinent. This bill is deficient in not excluding these matters."

In Spillman v. State, 292 S. W., 891, the accused was on trial for aggravated assault. It was shown in one of the bills of exception that the assaulted party was permitted to testify the accused had beaten him up on a previous occasion. This testimony was objected to on the ground that it constituted an extraneous matter. In concluding that the bill of exception was insufficient, this court, speaking through Judge Lattimore, used language as follows: "It is the universal holding that a mere statement of objections in a bill of exceptions is not enough. The truth of those things, asserted as grounds for such objections, must be verified in the bill. Nothing appears in the bill

under consideration from which we may know that the testimony objected to was not material, or to show that it was improper or prejudicial. The statement that it referred to a different transaction does not suffice. There must be such a statement of facts as that we may know that proof of something occurring at a different time was not materially related to some issue involved in the present case."

In Matthews v. State, 266 S. W., 150, this court, speaking through Presiding Judge Morrow, used language as follows: "The complaint of the appellant that in admitting proof of the second raid upon his premises, the rule against the receipt in evidence of extraneous crimes was transgressed is not made sufficiently clear by the bill of exception for this court to determine that error was committed. In the absence of a showing in the bill to the contrary, the correctness of the court's ruling will be presumed."

The bill of exception under consideration fails to show any facts negativing the idea that the testimony was within one of the recognized exceptions to the rule excluding proof of extraneous crimes. Under the circumstances, we must indulge the presumption that the ruling of the trial court was correct.

It is shown in bill of exception No. 4 that appellant presented to the court an application for a continuance in which he stated, in substance, that the State had, over his objection, proved disconnected offenses; that he was not prepared to meet such proof; that being engaged in the trial he did not have time to exercise diligence to procure the attendance of witnesses to rebut same; that if the court would grant a continuance until the next term, witnesses would be procured to testify that he was not guilty of the disconnected offenses; that he was not in fact guilty of said offenses. Following the application it is recited in the bill that the court overruled the application and appellant excepted. It is not shown in the bill of exception that appellant made investigation of all witnesses present at the trial for the purpose of ascertaining what their testimony would be. There is nothing in the bill to show that some fraud had been practiced, or misrepresentation by which knowledge of the testimony the witnesses gave was withheld from appellant. Under the circumstances, the holding in Acton v. State, 282 S. W., 805, controls. We quote from the opinion as follows: "Article 616, Vernon's C. C. P. (now art. 551, C. C. P.), provides for a continuance after the trial has commenced, when it appears to the satisfaction of the court that, by some unexpected occurrence since the trial commenced, *which no rea-*

*sonable diligence could have anticipated,* the applicant was so taken by surprise that a fair trial could not be had. It has been often held that the accused cannot claim as newly discovered testimony, the testimony of a witness who was present at the trial but not put on the stand nor interviewed by the defense. The reason for this is apparent. Reasonable diligence would seem to require that investigation be made by the defense of all witnesses present for the purpose of ascertaining what their testimony would be. When this is done, it is only upon a showing that there has been some fraud practiced or misrepresentation by which knowledge of the testimony claimed to be newly discovered was withheld from the accused, that he can obtain any advantage or maintain his claim for a new trial so sought. In the case before us, it is not shown that any effort was made to ascertain from the officer what his testimony would be, before the trial was begun, nor is it set up that the State or its witnesses in anywise misled appellant or his counsel, or withheld from them any information as to what the State's testimony would be on the trial. Many authorities are cited under article 616, Vernon's C. C. P. (now article 551, C. C. P.), and on page 195 of Mr. Branch's Annotated P. C., justifying us in the statement that the facts in this case are not such as to excuse appellant nor to make it appear that the trial court abused his discretion in holding that it is not shown that reasonable diligence could not have anticipated before the trial began, the occurrence here claimed as a surprise."

Bill of exception No. 16 recites that the district attorney, in his closing argument, referred to appellant as a "loathing man coming into Willis plying his loathing trade." It is stated in the bill that counsel objected to the argument and requested the court to instruct the jury not to consider it, but that the court refused to give such instruction, and merely admonished the district attorney to stay in the record. We are unable to reach the conclusion that the bill reflects reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that our disposition of bill of exception number thirteen was erroneous. He seems

482

to be under the impression that we held the testimony of Archie Bennett—which was the subject of said bill—to have been admissible. The extent of our holding was that the bill under consideration did not show error in admitting the testimony complained of. The testimony objected to would appear on the face of the bill to relate to an extraneous offense, but proof of extraneous offenses becomes admissible under certain circumstances. When the trial court admitted the testimony this court must indulge the presumption that he acted correctly in the premises unless the bill shows to the contrary. This is not shown by the grounds of objection stated in the bill, but the recitals in the bill must verify the truth of the objections. The authorities cited in our original opinion seem to control, and are decisive here. For a somewhat extended discussion of the question see the original opinion and opinion on rehearing in *No. 17,284, Gidcumb v. State, this day disposed of.

The motion for rehearing is overruled.

*Overruled.*

*(Reported on page 395 of this volume.)