LLOYD RAYBURN, ALIAS LEON BAKER v. THE STATE.

No. 17484. Delivered March 27, 1935.

The opinion states the case.

*S. H. Glover*, of Conroe, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for life.

Clifford Prather v. State, Opinion No. 17,482, this day delivered*, is a companion case.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed E. M. Walker by shooting him with a gun. The uncontroverted testimony on the part of the State was as follows: Deceased was an employee of a filling station. At 1 a. m., August 18, 1934, an automobile occupied by appellant, Clifford Prather and another man was driven to the station. Prather told deceased he wanted a tire. All of the tires on the automobile, as well as the two extras, were in good condition. Appellant said to Elbert Wood, an employee of the station, that they were having tire trouble. Prather and deceased walked together to the back of the filling station where the tires were kept. While Wood was engaged in conversation with appellant he heard a shot. Turning around, he saw Prather shoot deceased. At this juncture, appellant got out of the automobile with a double-barrel shotgun, and, pointing it at Wood, said: "Just as well kill this s—of—a—b— too." Wood ran away. On the occasion of the homicide deceased was armed with a .45 pistol, which was in a scabbard suspended to his belt. He also carried a Derringer in his pocket. The handle of the .45 pistol extended out of the scabbard and was in plain view. When deceased was found in the station in a dying condition he had the Derringer in his hand. It had not been fired. The pistol he had carried in the scabbard was gone. As he lay on the floor dying, deceased was asked: "Were they try-

ing to rob you?" He replied: "Yes." Deceased said that he did not know the parties; that there were three of them in a coupe and that they tried to rob him. Appellant and Prather were arrested on the following morning. They had in their possession deceased's .45 pistol and a shotgun. The pistol contained two empty shells.

Appellant did not testify and introduced no witnesses.

Appellant relies for a reversal on the matters brought forward in his bills of exception 3 and 4, which relate to objections to the reception of proof to the effect that prior to the homicide appellant and Prather perpetrated a robbery in Walker County. Bill of exception 3 recites that the State elicited from the witness Thurman West that two days prior to the killing of deceased appellant and Prather entered the witness' place of business in Walker County and robbed him of a slot machine and other property. Bill of exception No. 4 shows that Archie Bennett, a witness for the State, testified that he was in Thurman West's cafe when the robbery was perpetrated by appellant and Prather. The bills show that said testimony was objected to on the ground that it constituted proof of an extraneous offense which was irrelevant to any issue in the case. It is recited in the bills that the testimony was permitted by the court to go to the jury for the purpose of showing appellant's intent and was limited in the charge to such purpose. Warren Vann, a witness for the State, testified, without objection on the part of appellant, as shown on page 33 of the statement of facts, that he was present in West's cafe at the time appellant and Prather committed the robbery. In short, the testimony of Vann was the same as that given by West and Bennett. The erroneous admission of testimony does not call for a reversal if the same fact is proven by other testimony not objected to. Enix v. State, 16 S. W. (2d) 818; Pyor v. State, 225 S. W., 374; Burgess v. State, 225 S. W., 182.

There are several recognized exceptions to the general rule excluding proof of extraneous crimes. For example, when an extraneous crime or other transaction is part of the res gestae, or tends to show intent when intent is an issue, or tends to connect the accused with the offense for which he is on trial, proof of same is admissible. Branch's Annotated Penal Code, sec. 166; Serrato v. State, 171 S. W., 1142; Hamilton v. State, 24 S. W., 32. It is stated in the bills of exception that the testimony touching the robbery in Walker County was admitted by the court for the purpose of showing intent. The bills fail to set forth any facts negativing the idea that such testimony was

admissible for such purpose. Touching the necessity of such a showing, the rule is stated in 4 Texas Jur., p. 338, as follows: "A bill of exception complaining of the admission of evidence over the objection that it related to an extraneous crime, not connected with the one for which the defendant was on trial, must show that the ruling was erroneous and harmful to the appellant. It must show that the testimony complained of actually involved an extraneous crime, and show facts negativing the idea that it was within one of the recognized exceptions to the rule excluding proof of extraneous crimes; hence the bill is insufficient where it does not negative the fact that motive was an issue, or does not show that the proof was not materially related to some issue involved in the case at bar, or was not admissible as part of the res gestae or part of a system."

In support of the text many authorities are cited, among them being Enix v. State, 16 S. W. (2d) 818; Spillman v. State, 292 S. W., 891; Matthews v. State, 266 S. W., 150; James v. State, 138 S. W., 612. The statement of the grounds of objection cannot be held to support the contention that the proof in question was erroneously received. No facts are set forth in the bill to show that the objections stated therein were founded on fact, and that the grounds of objection were true. We quote from Branch's Annotated Penal Code, sec. 209, as follows: "A mere statement of a ground of objection in a bill of exceptions is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. The defendant should incorporate so much of the evidence in the bill as would verify the truth of his objections."

The bill failing to negative the fact that the testimony was admissible under one of the exceptions referred to, we must indulge the legal presumption that the ruling of the trial court in receiving such testimony was correct. Branch's Annotated Penal Code, sec. 207; Matthews v. State, 266 S. W., 150; Buchanan v. State, 298 S. W., 569; Zweig v. State, 171 S. W., 751; Moore v. State, 7 Texas App., 20.

We are constrained to hold that the record fails to present reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*(Reported on page 476 of this volume.)