Burglary ⊝41(3)—Evidence held to sustain conviction of shooting into dwelling with intent to kill.

Evidence that accused in the nighttime fired into a private residence containing an occupant and accused's declarations at time the shots were fired *held* to sustain a conviction for burglary by discharging firearms into a dwelling with intent to kill, although accused denied such intent.

Appeal from District Court, Brazos County; W. C. Davis, Judge.

James Felder was convicted of burglary, and appeals. Affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

MORROW, J. The appellant was convicted of burglary of a private residence. The entry was charged to have been accomplished by discharging firearms into a private residence with the intent to commit a felony, namely, the murder of Dewitt Davis. The evidence shows without controversy that the appellant, in the nighttime, fired into the private residence of one Wilson, that Dewitt Davis was an occupant of the house, and the manner in which the shots were fired, as well as the state's evidence showing the declarations of the appellant at the time the shots were fired, were sufficient to support the jury's finding that the shots were fired with the intent to kill Davis. The appellant admitted shooting, but disclaimed any intent to kill. He claimed that his purpose was to frighten the occupants of the house. The issues were submitted to the jury in a charge to which no objections were addressed; no bills of exceptions appear complaining of the rulings of the trial court; the indictment conforms to the law; the evidence is sufficient; and the judgment must be affirmed.

It is so ordered.

---

## PYOR v. STATE. (No. 5966.)

(Court of Criminal Appeals of Texas. Nov. 24, 1920.)

1. Forgery ⊝44(½)—Instrument must be introduced in evidence.

In a prosecution for passing a forged instrument, the instrument must be introduced in evidence and that fact appear in the record.

2. Forgery ⊝34(6, 9)—Proof of passage of check variance from charge of passing draft.

In a prosecution for passing a forged instrument, there was a fatal variance between an indictment charging the passing of a draft dated January 18 and evidence showing the passing of a check dated January 20.

3. Criminal law ⊝1169(2)—Error in admitting testimony harmless when otherwise proved without objection.

In criminal case, error in admitting testimony is harmless where the same matters were testified to by other witnesses without objection.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

J. C. Pyor was convicted of passing a forged instrument, and appeals. Reversed and remanded.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Taylor county of the offense of passing a forged instrument, and given a sentence of two years in the penitentiary.

[1, 2] In the indictment, it was alleged that the forged instrument passed by the appellant was of the tenor following:

"No. 970.

"Celina State Bank 37—5

"CSB        Celina, Texas, January 18, 1920.

"Pay to the order of A. H. Richardson $250.00 two hundred fifty dollars dollars.

"To Merchants' & Planters' National Bank 1-91 Sherman, Texas.

"M. Button, ~~Vice President.~~

"Cashier."

Nowhere in the statement of facts is the alleged forged instrument set out, nor does the same appear to have been introduced in evidence further than that on page 29 of the statement of facts appears the following:

"At this time the state of Texas introduced in evidence check dated January 20, 1920, Selina, Tex.: Selina State Bank: Pay to the order of A. H. Richardson $250.00. [Signed] M. Button."

This does not appear to be, either in form, substance, tenor, or effect, the instrument set out in the indictment. The uniform holding of this court is that the alleged forged instrument must have been introduced in evidence, and that fact substantially appear in the record. McConnel v. State, 85 Tex. Cr. R. 409, 212 S. W. 498.

The instrument offered in evidence, and referred to above, seems to be the personal check of one Button, drawn on the Selina State Bank, on January 20, 1920. That set out in the indictment would appear to be a draft drawn by M. Button, cashier, an officer of the said State Bank, on the Merchants' & Planters' National Bank of Sherman, Tex., on January 18, 1920. This is a fatal variance, and the evidence fails to show that the in-

strument set out in the indictment was attempted to be passed by appellant.

[3] The evidence of the witness Martin would appear to be inadmissible, as attacking by parol the good faith and validity of a judgment of a court of record; but we observe that the same matters were brought out in the testimony of other witnesses without objection, and in such case the error of the admission of Mr. Martin's testimony would be harmless.

For the reason that the evidence fails to show that the instrument set out in the indictment was in fact passed, and because of the variance between the terms of the alleged instrument and that offered in evidence, the judgment will be reversed, and the cause remanded for a new trial.