### George Hurd v. The State.

No. 8614.  Delivered February 11, 1925.

Rehearing denied to state March 11, 1925.

#### 1.—Forgery—Variance—Fatal.

Where an indictment for forgery set out the forged instrument according to its tenor, as being signed "Oddis Rhoods" and the instrument introduced in evidence was signed by "Oldis Roods" and it appears upon the trial that the party's name alleged to have been forged was "Odis Rhodes," we do not think this proof meets the requirements of the law as to correspondence between the instrument set out according to its tenor, and the proof made of same.

**2.—Same—Statement of Facts—Cannot be Corrected.**

Where a statement of facts is filed in this court, it cannot thereafter be corrected. The reason for this is clear. The statement of facts represents the agreement of both parties in the court below, and has received the solemn sanction of the trial court. See McBride v. State, 93 Tex. Crim. Rep. 257. The motion for rehearing by the state, is overruled.

Appeal from the District Court of Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction of forgery; penalty, two years in the penitentiary.

*Bumpass & Wade,* of Terrell, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Kaufman county of forgery, and his punishment fixed at two years in the penitentiary.

We do not think this case one of circumstantial evidence. Mr. Yates swore that appellant admitted to him that he signed the alleged forged check, and that he claimed his name was Odis Rhodes. We think the complaint that the court did not charge on alibi is not sustained by the record. That theory was submitted in the charge.

Appellant excepted to the court's charge because it did not instruct the jury to return a verdict of not guilty because of an alleged variance between the check offered in evidence and that set out in the indictment. The indictment alleged the forging of a check "of the tenor following:

> The American National Bank of Terrell
> Pay to Perkins Bros. Co. or bearer $20.00
> Twenty & No/100 Dollars
> Oddis Rhoods
> Terrell R. 8.''

Said instrument was dated at Terrell, Texas, 3/30 1923. An innuendo averment in the indictment states that by the name and words "Oddis Rhoods" was meant and intended the name "Otis Rhodes".

The statement of facts does not purport to set out by quotation the alleged forged instrument but states its contents. We quote from the statement of facts as follows:

"The State introduced in evidence check on The American National Bank of Terrell, payable to Perkins Bros. Co., or bearer in sum of $20.00, signed by Oldis Roods, Terrell, R. 8".

We are constrained to hold that there was a variance between the instrument copied in the indictment and that offered in evidence. It is held that when the indictment undertakes to set out the instrument according to its tenor, there must be an exact correspondence between the proof and allegation. Fischl .v. State, 54 Texas Crim. Rep. 55; Feeney v. State, 58 Texas Crim. Rep. 152; Simmons v. State, 61 Texas Crim. Rep. 7. The party whose name was alleged to have been forged appears in the statement of facts as Odis Rhodes. His name as alleged in the indictment, occurring in the alleged forged instrument, appears to be "Oddis Rhoods". Said party's name as it appears in the instrument offered in evidence is "Oldis Roods". We do not think this proof meets the test of the law requiring correspondence between the instrument set out according to its tenor, and the proof made of same.

For the error of the refusal of the special charge, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—The state moves for a rehearing in this case and seeks as part of its motion a correction of the statement of facts and accompanies the motion with the original check introduced in evidence, and also with proof of the fact that it was incorrectly transcribed into said statement of facts by the court stenographer.

There seems an unbroken line of authorities in this State declining to permit the correction of statements of fact. The reason for this is clear. The statement of facts represents the agreement of both parties to a controversy in the court below and as agreed to by them has received the solemn sanction of the trial court. We regret that we can not grant this motion. The authorities are discussed and cited to some extent in McBride v. State, 93 Texas Crim. Rep. 257.

The motion for rehearing by the State will be overruled.

*Overruled.*