# APRIL 22, 1942

## W. H. ANDERSON V. THE STATE.

No. 22005. Delivered March 18, 1942.
Rehearing Denied April 22, 1942.

The opinion states the case.

*Cunningham, Lipscomb & Cole,* of Bonham, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of two years in the penitentiary for the offense of forgery, it being alleged that he forged the name of his mother-in-law, Mrs. Emma Parker, to a check in the sum of sixty dollars, dated March 26, 1941.

Only one question is presented on the appeal. The indictment alleged the check in haec verba. When the check was introduced in evidence it contained, in addition to the things alleged in the indictment, the following printed memorandum: "When written in ink this check is insured against fraudulent alteration. The bank is not responsible for pencil written checks."

Based on this it is contended there is a fatal variance between the allegation and the proof. We are not in accord with this contention.

The distinction made between the two lines of cases, one holding that there is a variance and those that are distinguishable under the facts are not always easily discovered. The test seems to be: Would the allegations contained in the indictment be sufficient and contain all of the terms and conditions of the check without the additional matter? Further, notations made after the passing of the check, endorsements, revenue stamps and memoranda, together with monograms, etc., which constitute no part of the forgery relied upon need not be set out in the indictment and need not be proven, yet if they do appear in the record they constitute mere surplusage and unnecessary matter which are not effective to vary the evidence from that

alleged in the indictment. Branch's Ann. P. C. Sec. 1397; De-Alberts v. State, 34 Tex. Crim. Rep. 510, 31 S. W. 391; Beer v. State, 42 Tex. Crim. Rep. 505, 60 S. W. 962; Davis v. State, 156 S. W. 1171; Hancock v. State, 57 S. W. (2d) 111.

Contention is also made that the accused was authorized to sign his mother-in-law's name to the check. Both he and his wife so testified. The mother-in-law emphatically denied this and gave indication of a series of disagreements and bad feeling between herself and the son-in-law substantiating her statement. The case is not a favorite one for the criminal courts, inasmuch as it appears there was ample opportunity for the settlement of all their differences in the civil court. However, under the jury's finding, appellant resorted to a method of securing his wife's portion of her father's estate which is not approved by the penal laws and he cannot complain that he must suffer the consequences.

The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a very lucid motion for rehearing in which he earnestly insists that we erred in our original opinion by holding that there was no variance between the check set out in the indictment and the one introduced in evidence in support of the averments. His contention is based on the fact that the following sentences were printed in the lower left-hand corner of the check:

"When written in ink this check is insured against fraudulent alteration. The bank is not responsible for pencil written checks."

The check set out in the indictment did not have the quoted sentences thereon while the one introduced in evidence did have them printed thereon; that this, according to appellant, constituted a fatal variance. We do not regard the matter in the lower left-hand corner of the check as being any part of it. It was merely a precautionary instruction by the bank to its customers warning them against fradulent alterations if written in pencil (no doubt by reason of the character of the paper upon which the blank check was printed). Hence it was no part of the check nor an essential description thereof.

In the case of Beer v. State, 42 Tex. Cr. R. 505, this court held that an Internal Revenue two-cent stamp lithographed upon the face of a check was not a part of the check nor any essential description thereof; that therefore it was not necessary to set it out in the indictment. It occurs to us that the pronouncement of the law in that case is sound and might well be adhered to.

Appellant next contends that the proof on the trial of the case failed to establish the offense of forgery in this, that the money at the bank out of which the check was paid was the proceeds of the community property of the parents of his wife. The record reflects that the father of appellant's wife died in April, 1938, leaving surviving him his wife and two children,—one a boy and the other appellant's wife; that the father died seized and possessed of 293 acres of land upon which the mother and son continued to live and used the same. Appellant contends that his wife had an interest in the rents and revenues of the property and that the money deposited in the bank to the credit of his mother-in-law, Mrs. Parker, was part of the proceeds of the rents of said land. This fact was denied by Mrs. Parker, who said that when her husband died, he left nothing but the land. But, if it were true, this would not authorize the appellant to forge the name of Mrs. Parker to the check, withdraw the money and appropriate it without her consent. The question of whether or not appellant committed the act charged with intent to defraud, etc., was submitted to the jury by an appropriate instruction from the court and the issue was decided by them adversely to him.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.