We find no error in the court's action in overruling the motion to quash the information.

The judgment is affirmed.

Opinion approved by the Court.

Alfredo MORALES, Appellant,

v.

STATE of Texas, Appellee.

No. 31052.

Court of Criminal Appeals of Texas.

Nov. 25, 1959.

Gover D. Edgar, Morton, for appellant.

Bill Sheehan, Dist. Atty., Friona, and Leon Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is attempting to pass as true a forged instrument in writing; the punishment, five years.

The sufficiency of the evidence is challenged.

The indictment set out the instrument alleged to be forged as a check drawn on Security State Bank, Farwell, Texas, payable to the order of "Lucero Lopez" and signed "J. J. Weatherby".

The check offered in evidence as the instrument which appellant attempted to pass as true is drawn on the above named bank. However, it appears to bear the signature of J. J. Weatherly rather than J. J. Weatherby, and is payable to Lusro Lopez, and not Lucero Lopez.

When an alleged forged instrument is set out in the indictment according to its tenor, the strictest proof is required, and this is furnished only by an exact copy. Simmons v. State, 61 Tex.Cr.R. 7, 133 S.W. 687; Hurd v. State, 99 Tex.Cr.R. 388, 269 S.W. 439; Strong v. State, 143 Tex.Cr.R. 641, 160 S.W.2d 923.

The variance between the allegations and proof requires reversal of the conviction.

The judgment is reversed and the cause remanded.