CLARENCE HILTON WHITLOCK V. STATE

No. 32,027. June 25, 1960

Appellant's Motion for Rehearing Overruled October 19, 1960

*Rogers, Kimbrough & Halsell,* by *O. E. Halsell* and *Edward C. McNeel,* Odessa, for appellant.

*George Fowler,* District Attorney, *Mike Berry,* Assistant District Attorney, Odessa, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is forgery, with two prior felony convictions alleged for enhancement; the punishment, life.

Our prior opinion dismissing this appeal is withdrawn.

The witness Douglas, Assistant Manager of Cabell's Minit Market No. 8 in Odessa, testified that appellant came into the store on the day charged in the indictment, made some purchases, and asked if he could cash a check for $10.00; that appellant asked him to make the same out for him; that appellant signed the name "Noel Wilson" thereto; and that he handed the check to J. B. Floyd, his superior in the store, who placed his initials thereon, and he then cashed the same.

Floyd testified that he questioned appellant, who told him he was working for Sam Lance, that he (Floyd) wrote the name "Sam Lance" under the telephone number which appellant had written in the lower left hand corner of the check, and shortly thereafter wrote an automobile license number in the upper left hand corner. Floyd testified about his unsuccessful efforts to locate appellant and about identifying him at the Sheriff's office the following day.

Noel Wilson testified that he had lived in Odessa and known appellant for twenty years, that as a boy appellant had been a frequent visitor in his home, that he did not give appellant permission to sign his name, that he knew no other Noel Wilson in Odessa and had never heard of appellant using the name Wilson.

Sam Lance testified that appellant had worked for him for a period of three months some two years before the incident in question and that he had never heard of appellant using any name other than the one under which he was indicted.

It was further shown that no account was carried in the bank on which the check was drawn in the name of Noel Wilson.

The prior convictions were established, as was appellant's identity as being the person therein convicted.

Appellant did not testify in his own behalf but called the district attorney, who stated that the check which was introduced in evidence was available to the person who drew the indictment for the grand jury.

We shall discuss the contentions in the order advanced in appellant's brief.

He first complains of a variance between the check introduced in evidence and the one set forth in the indictment, in that the check introduced bore the license number, Floyd's initials in the upper left hand corner, and the words "Associate Store" immediately under the words "Cabell's Mint Market No. 8."

It has long been the rule in this state that words placed on a check after it was executed constitute no part of the instrument and need not be plead. III Branch's Ann. P.C., 2nd Ed., Sec. 1588, p. 730, and 19 Tex. Juris., Sec. 47, p. 858. As to the omission of the words "Associate Store" from the indictment, we quote from 37 C.J.S., Sec. 68b, p. 83, as follows:

"So the addition of words, letters, or figures which do not affect the sense will not vitiate the indictment; nor will the omission thereof. * * * A variance in names so trifling that it is inconceivable that defendant could have been misled or prejudiced thereby is immaterial. * * * A variance as to a name in an indictment has been held not fatal if it is not the name averred to be forged."

In Criner v. State, 89 Tex. Rep. 226, 229 S.W. 860, the instrument offered in evidence bore the phrases "a satisfied customer" under the line for signature. This court held that failure to copy such words in the indictment did not create a variance. See also Young v. State, 40 S.W. 793; Anderson v. State, 144 Tex. Cr. Rep. 26, 161 S.W. 2d 88; Biering v. State, 159 Tex. Cr. Rep. 331, 263 S.W. 2d 558; and People v. Brown, 215 P. 1031.

He next complains that the court erred in permitting Floyd to testify that he checked the address which appellant wrote on the check through the criss-cross directory and failed to find such address. Appellant relies upon several civil cases which hold that statements appearing in a city directory are generally held to be hearsay, and not admissible in evidence. Such holdings can have

no application here because Floyd was attempting to locate appellant at an address which he had given himself.

We find the indictment to have been drawn in compliance with the suggested form found in Wilson's Criminal Forms, 6th Ed., Sec. 2332, p. 481, and approved by this court in Punchard v. State, 142 Tex. Cr. Rep. 531, 154 S.W. 2d 648, and overrule appellant's contention that his motion to quash should have been sustained.

Appellant next asserts that the record showed that there was "another Noel Wilson in the town." We do not construe the record here before us. Wilson testified that he did not know of another Noel Wilson in Odessa. His testimony that "some six or seven years ago" there had been another man named Wilson doing business at his bank, which caused him to change the manner of signing his checks, would not be sufficient to raise the issue which appellant asserts.

His last contention is that the court erred in failing to grant his motion for mistrial after appellant, without objection, had complied with the prosecutor's request that he hold up his left hand so that the jury might observe that a portion of his thumb was missing which the witness had testified was one of his means of identifying appellant.

In Rutherford v. State, 135 Tex. Cr. Rep. 530 121 S.W. 2d 342, the accused was required to remove his glasses and stand up while an identifying witness was testifying. In discusing a contention similar to the one presented by appellant here, this court said:

"We cannot regard this act as requiring an accused to give evidence against himself. To so hold would be tantamount to holding that a witness could not point to some scar, birthmark, or other distinguishing feature of a defendant without violating the rule that one accused of crime cannot be required to give evidence against himself."

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.