Roy Lee **PAYNE**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 38241.**

Court of Criminal Appeals of Texas.

June 2, 1965.

Davis & Bevers by Denzil Bevers, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., J. Monty Bray, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is passing as true a forged instrument in writing; the punishment, 3 years.

The instrument set out in the indictment is a check drawn on Western Way Homes, Inc. in the sum of $176.78, payable to the order of Howard E. Kindred, upon the face of which is the word "FORGERY".

Appellant correctly, we think, contends that the instrument set out in the indictment could not be the subject of forgery or of passing a forged instrument because it shows on its face to be a forged instrument. Bagley v. State, 63 Tex.Cr.R. 606, 141 S.W. 107; Green v. State, 63 Tex.Cr.R. 510, 140 S.W. 444; Rollins v. State, 22 Tex.App. 548, 3 S.W. 759.

The check identified as that passed and which was introduced in evidence without objection is identical with the check set out in the indictment according to its tenor. The state concedes that the jury "could certainly draw a logical inference that the word 'Forgery' was not on the check at the time it was passed."

Assuming that the check stamped "Forgery" could be the subject of forgery and that a conviction for passing it as true could be sustained, and further assuming that the word "Forgery" was not on the face of the check at the time it was passed, then this conviction cannot stand because of the variance between the check identified and introduced as that passed and the check set out in the indictment. Strong v. State, 143 Tex.Cr.R. 641, 160 S.W.2d 923; Harvey v. State, 132 Tex.Cr.R. 213, 104 S.W.2d 26.

In the Harvey case the records of this court, including the state's brief confessing error, reveal that the check set out in the

indictment had stamped or printed thereon the word "BOGUS," and the evidence showed that "BOGUS" was placed on the check after it had been passed.

When an alleged forged instrument is set out in the indictment in its tenor, the strictest proof is required, and this is furnished only by an exact copy. Simmons v. State, 133 S.W. 687, 61 Tex.Cr.R. 7; Hurd v. State, 99 Tex.Cr.R. 388, 269 S.W. 439; Strong v. State, supra.

We note also a variance between the allegation of the indictment that the check was endorsed "Howard E. Kin*ded*" and the evidence showing such endorsement to be Howard E. Kin*dred*.

For the reasons stated, the conviction cannot stand.

The judgment is reversed and the prosecution upon the present indictment is ordered dismissed.