**Hilton ARMSTRONG, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 54723.

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 29, 1978.

Nancy Hormachea, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Hogan Stripling, Asst. Dist. Attys., Houston, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for passing a forged check; the punishment, enhanced by two prior felony convictions, is imprisonment for life.

Appellant contends that there is a fatal variance between the check set out in the indictment according to its tenor and alleged to be a forgery and the check introduced into evidence by the State. The check which appears in the indictment bears the date "2/19/74" and the bank transit number "88–135." The check which was introduced into evidence bears the date "12/19/74" and the bank transit number "88–1135."

Where the instrument alleged to be forged is set out in the indictment according to its tenor, the writing offered in evidence must conform thereto with almost minute precision. *Williams v. State*, 164 Tex.Cr.R. 545, 301 S.W.2d 107 (1962); *Barton v. State*, 172 Tex.Cr.R. 600, 361 S.W.2d 716 (1962); *Pyor v. State*, 88 Tex.Cr.R. 211, 225 S.W. 374 (1921). See also 3 Branch's Penal Code, Sec. 1588 (2d ed. 1956). The strictest proof is required, and this is furnished only by an exact copy. *Payne v. State*, 391 S.W.2d 53 (Tex.Cr.App.1965); *Morales v. State*, 168 Tex.Cr.R. 462, 329 S.W.2d 283 (1959); *Strong v. State*, 143 Tex.Cr.R. 641, 160 S.W.2d 923 (1942); *Hurd v. State*, 99 Tex.Cr.R. 388, 269 S.W. 439 (1925).

We hold that the check introduced into evidence in this case does not sufficiently conform to the check set out in the indictment. Although appellant did not object to the admission of the check offered in evidence, the variance is fatal to the conviction. *Payne v. State*, supra.

The judgment is reversed and the cause remanded.