David B. HODGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–81–031–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 23, 1981.

Rehearing Denied Jan. 14, 1982.

Discretionary Review Refused
April 7, 1982.

Hector J. Villarreal, Edinburg, for appellant.

Robert Salinas, Crim. Dist. Atty., Edinburg, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

Our original opinion is withdrawn, and this opinion is substituted therefor.

This is an appeal from a conviction of third degree felony forgery. Appellant was found to be a repeat felony offender and assessed 10 years in the penitentiary.

The indictment alleged that the appellant "did then and there ... with the intent to defraud and harm another pass to Dorothy Holland a writing that had been altered so that it purported to be the act of another who did not authorize the act, and he did then and there pass to Dorothy Holland the writing knowing such writing had been altered."

In our original opinion, we reversed the conviction finding that the charge submitted not only the theory of forgery by

passing, as alleged in the indictment, but also the theory of forgery by alteration, a theory not pleaded in the indictment. After considering the State's able brief and the cited authorities set forth therein on motion for rehearing, we are now of the opinion that the charge does not submit the theory of forgery by alteration, but rather requires the jury to find that appellant altered the writing he passed, a fact the State was not required to prove. The error of requiring the State to prove more facts than that required to sustain the conviction was favorable to the appellant and not a cause for reversal. See *Jones v. State*, 620 S.W.2d 129, 130 (Tex.Cr.App.1981); *Rogers v. State*, 598 S.W.2d 258, 263 (Tex.Cr.App. 1980).

█ We will now consider appellant's remaining grounds of error. In the lower right-hand corner of the check offered into evidence, there appears a set of computer printed numerals. These numerals do not appear on the check described in the indictment. Appellant contends that this variance caused the evidence to be insufficient to sustain the conviction. The record shows that the numerals were not on the check when it was passed, but were placed there later by the bank. This addition to the check after it was passed is not a material variance and does not cause a failure of proof. *Bell v. State*, 407 S.W.2d 225, 226 (Tex.Cr.App.1966); *Anderson v. State*, 144 Tex.Cr.R. 26, 161 S.W.2d 88 (1943).

█ In ground of error two, appellant contends he was deprived of his right to confront State's witness Dorothy Holland. He brings this ground forward on the following trial objection:

> ... we would make a motion to request an instructed verdict to the jury on the grounds the individual to whom the check is allegedly passed did not identify the defendant as the individual who passed the check to her. (SF 163)

The ground of error does not conform with the trial objection. Therefore, it presents nothing for us to review. *Bouchillon v. State*, 540 S.W.2d 319 (Tex.Cr.App.1976).

█ Before the check in question was cashed, appellant presented it to a bank officer for approval. This officer identified the check and identified appellant as the person who presented it to him. After the check was approved, the officer directed the appellant to take the check to a teller for cashing. Dorothy Holland, a teller, testified that she cashed the check.

We hold that the evidence summarized above is sufficient proof that defendant passed the check to Dorothy Holland as alleged in the indictment.

The judgment of the trial court is affirmed.