**Rosie Ella McKELLAR, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–027–CR.**

Court of Appeals of Texas,
Fort Worth.

March 3, 1982.

John P. White, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION ON MOTION FOR REHEARING

HUGHES, Justice.

We grant the State's motion for rehearing, withdraw our original opinion, and substitute the following therefor.

The appellant, Rosie Ella McKellar, has appealed her conviction for forgery. An enhancement of punishment averment resulted in her being sentenced to life imprisonment.

We affirm the judgment of the trial court.

The appellant contends that there was insufficient evidence to support her conviction because there was a material and fatal variance between the instrument set forth according to its tenor in the indictment and the instrument which was introduced into evidence.

The variances relied upon by the appellant consist of differences and omissions. We observe that these items appearing on the check introduced into evidence do not appear in the indictment:

a. the bank transit number "37–67
   1119

b. the stylized computer type printed number:
   1119–0067

c. the statement: "This check is in full settlement as shown here. Acceptance by endorsement constitutes receipt in full."

d. the handwritten payroll notations:

|  |  |  |
| --- | --- | --- |
| 104–1/2 at 2.65 | | 280.90 |
| FICA | 16.90 | 16.90 |
| | | 264.00 |

In addition to these omissions we observe two differences. The indictment states the longhand rendition of the amount of the check as "Two Hundred Sixty Four Dollars *and no* /100" while the check introduced into evidence reads "Two Hundred *and* Sixty Four Dollars *00* /100".

We have reviewed the cases dealing with variances and find them to be irreconcilable at best. We have reached the conclusion that not every variance is fatal. A case by case approach is imperative.

In *Anderson v. State*, 144 Tex.Crim. 26, 161 S.W.2d 88 (1942) the indictment had omitted a memorandum found on the check which stated: "When written in ink this check is insured against fraudulent alteration. The bank is not responsible for pencil written checks." In holding that this memorandum was no part of the check nor an essential description thereof, the court elaborated:

"The distinction made between the two lines of cases, one holding that there is a variance and those that are distinguishable under the facts are not always easily

discovered. The test seems to be: Would the allegations contained in the indictment be sufficient and contain all of the terms and conditions of the check without the additional matter? Further, notations made after the passing of the check, endorsements, revenue stamps and memoranda, together with monograms, etc., which constitute no part of the forgery relied upon need be set out in the indictment and need not be proven, yet if they do appear in the record they constitute mere surplusage and unnecessary matter which are not effective to vary the evidence from that alleged in the indictment."

In *Anderson* the issue was one of whether the variance was such as to be material and thus fatal. A similar situation was presented in *Whitlock v. State*, 170 Tex.Crim. 153, 338 S.W.2d 721 (1960). There the words "Associate Store" were omitted from the indictment but were found on the check introduced into evidence. In holding the evidence to be sufficient to support the conviction, the court reasoned, in part, that variances are immaterial where it is inconceivable that the accused could have been misled or prejudiced thereby. *See also: Pate v. State*, 172 Tex.Crim. 612, 361 S.W.2d 875 (1962).

In *Armstrong v. State*, 573 S.W.2d 813 (Tex.Cr.App.1978) the check which appeared in the indictment bore the date "2/19/74" and the bank transit number "88–135". The check which was introduced into evidence bore the date "12/19/74" and the bank transit number "88–1135". In holding that the check introduced into evidence did not sufficiently conform to the check set out in the indictment the court stated:

"Where the instrument alleged to be forged is set out in the indictment according to its tenor, the writing offered in evidence must conform thereto with almost minute precision. *Williams v. State*, 164 Tex.Cr.R. 545, 301 S.W.2d 107 (1962); *Barton v. State*, 172 Tex.Cr.R. 600, 361 S.W.2d 716 (1962); *Pyor v. State*, 88 Tex. Cr.R. 211, 225 S.W. 374 (1921). See also 3

Branch's Penal Code, Sec. 1588 (2d ed. 1956). The strictest proof is required, and this is furnished only by an exact copy. *Payne v. State*, 391 S.W.2d 53 (Tex.Cr.App.1965); *Morales v. State*, 168 Tex.Cr.R. 462, 329 S.W.2d 283 (1959); *Strong v. State*, 143 Tex.Cr.R. 641, 160 S.W.2d 923 (1942); *Hurd v. State*, 99 Tex. Cr.R. 388, 269 S.W. 439 (1925).

In *Armstrong* there was most definitely a material variance; there were differing dates. Each of the cases cited in *Armstrong* for the proposition of conformity "with almost minute precision" involved material variances. In *Williams* the name of the maker varied. In *Barton*, 361 S.W.2d at 716, the court simply stated that "there were at least three *material* variances". (Emphasis ours.) In *Pyor* there were differing dates.

■ We deem materiality to be the controlling consideration in the determination of the sufficiency of conformity in a forgery case between the tenor of the instrument set forth in the indictment and the instrument introduced into evidence. At the heart of the materiality issue is the ability of the accused to prepare a defense and to plead the judgment rendered in bar to any subsequent prosecution. The appellant's counsel conceded at oral argument that he would plead bar to any subsequent prosecution if the appellant had been acquitted.

*Armstrong* and those cases requiring the strictest proof which can only be furnished by an exact copy are inconsistent with those cases such as *Anderson, Whitlock* and *Pate* which look to the materiality of variances. Inasmuch as those cases looking to materiality have not been overruled, we choose to abide by them as being the better reasoned.

■ Turning to the facts before us, we hold that the variances, although numerous, are immaterial. It is inconceivable that appellant would be misled or prejudiced. We have found it productive to look to the similarities, rather than the dissimilarities, in determining the materiality of the variances in this case. The tenor of the instru-

ment set forth in the indictment and the check introduced into evidence conform in these respects: the check numbers are the same; the dates are the same; the payees are the same; the drawers are the same; the drawee banks are the same; the personalizing markings are the same; and although different phraseology is used in the longhand renditions, the amounts are the same.

There can be no question that the instrument set forth according to its tenor in the indictment is in reference to the instrument which was introduced into evidence. We overrule the appellant's ground of error.

The judgment of the trial court is affirmed.