**Rosie Ella McKELLAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 254–82.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 3, 1982.

---

John P. White, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall and Joe C. Lockhart, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

### OPINION ON APPELLANT'S PETITION FOR REVIEW

ODOM, Judge.

Appellant was convicted of forgery and punishment, enhanced pursuant to V.T.C.A., Penal Code Sec. 12.42(d), was fixed at life. The Court of Appeals initially reversed the conviction for insufficient evidence resulting from a fatal variance between the tenor of the check alleged in the indictment and the instrument introduced at trial. On State's motion for rehearing the Court of Appeals affirmed the conviction, finding the variances were not material and therefore not fatal. *McKellar v. State,* Tex.Civ.App., 629 S.W.2d 269. We granted appellant's petition for discretionary review in order to examine the issue.

In its opinion the Court of Appeals examined two lines of decisions by this Court which it perceived "to be irreconcilable at best." On the one hand the Court of Appeals grouped *Anderson v. State,* 144 Tex.

Cr.R. 26, 161 S.W.2d 88; *Whitlock v. State,* 170 Tex.Cr.R. 721, 338 S.W.2d 721; and *Pate v. State,* 172 Tex.Cr.R. 612, 361 S.W.2d 875. In the other column the court considered *Armstrong v. State,* Tex.Cr.App., 573 S.W.2d 813; *Williams v. State,* 164 Tex. Cr.R. 545, 301 S.W.2d 107; *Barton v. State,* 172 Tex.Cr.R. 600, 361 S.W.2d 716; and *Pyor v. State,* 88 Tex.Cr.R. 211, 225 S.W. 374.

All decisions in the first group affirmed the conviction on a finding of no material variance between the instrument alleged and the one proven at trial, under the rule well stated in *Anderson,* supra, and quoted in the opinion of the Court of Appeals:

"The test seems to be: Would the allegations contained in the indictment be sufficient and contain all of the terms and conditions of the check without additional matter?"

The second group of cases found reversible error under the rule stated in *Armstrong,* supra, and likewise quoted by the Court of Appeals:

"Where the instrument alleged to be forged is set out in the indictment according to its tenor, the writing offered in evidence must conform thereto with almost minute precision."

After an examination of these rules and the above cited cases, the Court of Appeals concluded:

"*Armstrong* and those cases requiring the strictest proof which can only be furnished by an exact copy are inconsistent with those cases such as *Anderson, Whitlock* and *Pate* which look to the materiality of variances."

█ We perceive no such inconsistency. A fundamental distinction is that the variances asserted in the *Anderson* line of cases concerned some matter printed on the instrument introduced at trial yet omitted from the allegations in the indictment. (*Anderson:* "When written in ink this check is insured against fraudulent alteration. The bank is not responsible for pencil writ-

ten checks." *Whitlock:* "Associate Store." *Pate:* "When written in ink this check is insured . . . .") Whether *omission* from the indictment of some part of the instrument constitutes a fatal variance turns on the materiality of the omitted matter to the sufficiency of the alleged terms and conditions of the instrument without the omitted matter. *Anderson,* supra.

█ In contrast to the *Anderson* line of cases, each reversal in the *Armstrong* line, to the extent reflected in the opinions,[1] was the product of a difference between some specific item included in the allegation of the instrument and the corresponding item in the instrument introduced at trial. (*Armstrong:* bank transit number 88–135 vs. 88–1135; date 2/19/74 vs. 12/19/74. *Williams:* Signature M & S J.G. Williams vs. M & S Loans J.G. Williams. *Pyor:* check by M. Button as cashier, an officer of the bank vs. personal check by M. Button.) Where the issue is one of some specific item included in the allegation, the long-standing rule quoted from *Armstrong* requires conformity "with almost minute precision" in the proof of the forged instrument.

This distinction between the two lines of cases dispels the illusion of inconsistency perceived by the Court of Appeals. Application of these two rules to the asserted variances in this case reveals four omissions of the *Anderson* character and one variance of the *Armstrong* character.

█ Under the *Anderson* test we must examine the following four items on the check introduced at trial, that were not contained in the tenor allegations of the indictment:

1) the bank transit number: $\dfrac{37\text{--}67}{1119}$

2) the stylized computer number: 1119–0067

3) the printed statement: THIS CHECK IS IN FULL SETTLEMENT AS SHOWN HERE. ACCEPTANCE BY ENDORSEMENT CONSTITUTES RECEIPT IN FULL.

4) the handwritten payroll notations:

| 104½ | @ | 2.65 | 280.90 |
|---|---|---|---|
| FICA | | 16.90 | 16.90 |
| | | | 264.00 |

**1.** *Barton v. State,* supra, merely refers to the existence of "at least three material variances"

without reference to their character.

Under the *Anderson* test quoted above, we are of the opinion that omission of these matters from the indictment did not give rise to a fatal variance between the indictment and the proof. These were additional matters not essential to the check, and therefore not essential to allegation of the check.

■ The *Armstrong* issue presented in this case is an allegedly fatal variance between the allegation and proof of the longhand rendition of the amount of the check. The indictment alleged, "TWO HUNDRED SIXTY FOUR DOLLARS AND NO/100." The check introduced at trial read, "Two hundred and sixty four dollars 00/100." The *Armstrong* test requires conformity of the proof to the allegation "with almost minute precision." The issue, then, is whether the slight differences between the two phrasings that obviously recite in substance the same monetary amount constitute a variance of a greater degree than "almost minute precision." The variances in the *Armstrong* line of cases constituted a difference in meaning as well as form of expression. For example, in *Armstrong* the bank transit number proven was a different number from what had been alleged, and the date of the check, likewise, was an entirely different date, not merely a different form of expressing the same date. We hold the variance here is not fatal because the meanings of the two phrasings, one in the indictment, the other in the proof, are without doubt identical.

The judgment of the Court of Appeals is affirmed.

ONION, P.J., and TEAGUE, J., concur in result.

ROBERTS, J., not participating.