**Hershey WALTON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14-82-050CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 20, 1983.

Stanley Schneider, Murray Cohen, Houston, for appellant.

Alvin Titus, John Holleman, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a conviction of forgery. The jury assessed punishment at ten years confinement. Appellant alleges two grounds of error. We sustain appellant's first ground of error and reverse.

In his first ground of error, appellant contends that there is a fatal variance between the document which the indictment alleged was forged and the document proven at the trial as State's Exhibit One. The appellant argues that the following are fatal variances:

1.  The indictment alleges that the check was signed "J.O. Gould", while State's Exhibit 1 shows the signature was of "Jo Gould";

2.  The indictment lists the "GF no." as "4673–8", while the State's Exhibit 1 gives the "G.F. no." as "467[3]–B";

3.  The back of the check shown in the indictment lists only the words "Leon Rogers, Jr.", while the back of the check in State's Exhibit 1 contains other writing, including a Texas driver's license number;

4.  The front of the check in the indictment contains various numbers written across the bottom, but omits some

that appear on State's Exhibit 1, i.e., the left bottom corner of the check in the indictment contains numbers "500439", whereas State's Exhibit 1 has at the bottom left corner the numbers "55004349", a total of six digits on the indictment and eight on State's Exhibit 1; also State's Exhibit 1 contains in its bottom right corner a 10-digit number, "0000062800", which is totally missing from the check given in the indictment.

*McKellar v. State,* 641 S.W.2d 240 (Tex. Cr.App.1982) (not yet reported), discussed the exact issue raised in this case. It examined the decisions of that court following *Anderson v. State,* 144 Tex.Cr.R. 26, 161 S.W.2d 88 (Tex.Cr.App.1942) and those following *Armstrong v. State,* 573 S.W.2d 813 (Tex.Cr.App.1978). Under the *Anderson* line of cases, the convictions were affirmed on a finding of no material variance between the instrument alleged and the one proven at trial. In *Anderson* the Court stated as follows:

> The test seems to be: Would the allegations contained in the indictment be sufficient and contain all of the terms and conditions of the check without additional matter? *Id.* 161 S.W.2d at 88.

Under the *Armstrong* line of cases, reversible error was found in accordance with the following rule:

> Where the instrument alleged to be forged is set out in the indictment according to its tenor, the writing offered in evidence must conform thereto with almost minute precision. *Id.* at 814.

*McKellar,* states that a fundamental distinction between the lines of cases is that· the variances in the *Anderson* line concerned some matter printed on the instrument introduced at trial yet omitted from the indictment. In the *Armstrong* line each reversal was based upon a difference between some specific item on the instrument in the indictment and the corresponding item in the instrument introduced at trial.

In *Payne v. State,* 391 S.W.2d 53 (Tex.Cr. App.1965), the court reversed a forgery conviction and stated:

We note also a variance between the allegation of the indictment that the check was endorsed "Howard E. Kin<u>ded</u>" and the evidence showing such endorsement to be Howard E. Kin<u>dred.</u>

For the reasons stated, the conviction cannot stand. *Id.* at 54.

The difference between "Howard E. Kinded" and "Howard E. Kindred" is no greater than the difference between "J.O. Gould" and "Jo Gould."

In *Williams v. State,* 164 Tex.Cr.R. 545, 301 S.W.2d 107 (Tex.Cr.App.1957), a forgery conviction was reversed because of a variance between the check offered in evidence and the instrument set out in the indictment. The court stated:

> The variance between the check signed "M & S *Loans* J.G. Williams" and the instrument alleged according to its tenor bearing the name "M & S J.G. Williams" as maker is apparent.

> There is also a variance between the number 88–128 in the Exhibit and the number 77–128 which appears in the instrument set out in the indictment, but we need not pass upon whether the latter variance would alone be fatal.

> .    .    .    .    .

> Because of the variance mentioned the evidence is insufficient to sustain the conviction. *Id.* at 108.

In *Cox v. State,* 608 S.W.2d 219 (Tex.Cr. App.1980), a burglary conviction was reversed because the indictment alleged that the complainant's name was "Emma Dunn". At trial the complainant testified that her name was "Erma Dunn", not "Emma Dunn".

In *Armstrong, supra,* the check which appeared in the indictment had the date "2/19/74" and a bank transit number of "88–135", whereas the check which was introduced into evidence had the date "12/19/74" and a bank transit number of "88–1135."

Based on these cases we have no alternative but to reverse.

Where the issue is one of some specific item included in the allegation, the long-

standing rule quoted from *Armstrong* requires conformity "with almost minute precision" in the proof of the forged instrument. *McKellar,* supra, at 242.

Since appellant's first ground of error is dispositive of this case, we will not address appellant's other ground of error.

The judgment of the trial court is reversed and this cause is remanded to the trial court for proceedings consistent with this holding.