**Preston Lee SAULS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 83 099 CR.**

Court of Appeals of Texas, Beaumont.

Dec. 14, 1983.

Discretionary Review Refused April 11, 1984.

**1.** Hereinafter cited as Texas Code of Profession- al Responsibility.

Fancy Jezek, Belton, for appellant.

Arthur C. Eads, Dist. Atty., Belton, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant, Preston Lee Sauls, received jury conviction for attempting to acquire or obtain possession of a controlled substance (Phenmetrazine, Schedule II) by misrepresentation, fraud, deception, subterfuge and forgery. TEX.REV.CIV.STAT.ANN. art. 4476-15, Sec. 4.09(a)(3) and (b)(1); see also art. 4476-15, Sec. 2.04(e)(4) (Vernon Supp. 1982–1983). The punishment was enhanced to a first degree felony. TEX.PENAL CODE ANN. Sec. 12.42(b) (Vernon 1974). Punishment was assessed by the trial court at 30 years confinement.

Apparently, on September 1, 1982, by the Court of Criminal Appeals, pursuant to the provisions of Senate Bill 265, 67th Legislature, Regular Sess., 1981, this appeal was transferred to the Court of Appeals, Third Supreme Judicial District in Austin. By order of May 4, 1983, this appeal was re-transferred to this Court by the Supreme Court of Texas.

In Ground of Error One, Appellant contends the trial court erred in allowing the prosecutor, over objection, to bolster the testimony of an unimpeached witness.

David Louis Fowler, an accomplice, testified that on July 15, 1980, Appellant and a woman came by Fowler's residence and Appellant asked Fowler if he wanted to go "bust some 'script". Fowler said the trio drove to several drug stores and finally ended up at the V & M Pharmacy on South Main, Temple. Fowler said Appellant gave him two prescriptions and twenty dollars to take into the drug store and Fowler delivered these, according to Appellant's direction, to a pharmacy clerk who, in turn, took them to the pharmacist. Fowler said he left the pharmacy twice returning to Appellant at the automobile to obtain more money from Appellant to attain the sales price of these prescription drugs. Following a "tip" from the pharmacist, police officers soon arrived and the trio was arrested.

On cross-examination, the defense attorney established that Fowler had several prior felony convictions, faced a possibility of maximum enhancement to life imprisonment for his part in the transaction, but pleaded guilty to his part in a plea bargain for twenty (20) years confinement. The defense attorney asked if Fowler discussed with members of the Police Department or the District Attorney's office whether his penitentiary time would be reduced in exchange for his testimony against Appellant. Fowler denied having such discussion.

On re-examination of Fowler, the trial court admitted, over objection, State's Exhibit One which Fowler identified as his written statement given to the police on the date of the offense. The statement was read to the jury and it recited essentially the same facts as testified to by Fowler.

We hold: It was not reversible error to admit the statement. Such is proper where Appellant has attempted to impeach a witness for bias and improper motive and has raised the inference that the testimony was a recent fabrication based upon an offer of leniency by the State. *Bilbrey v. State*, 594 S.W.2d 754 (Tex.Cr.App.1980), at 759. Ground of Error One is overruled.

In Ground of Error Two Appellant states that a "fatal variance exists between the prescription set out in the indictment according to its tenor and alleged to be a forgery and the prescription introduced into evidence by the State". Appellant was indicted for passing a forged prescription with a photo-copy of the allegedly forged prescription incorporated directly into the indictment, "said writing ... to the tenor following":

PLG
07/15/80 Scott & White
Temple, Texas 76501

Date 7/15/80 BECK MILLWOOD
Name Becky Millwood
Street 802 S. 29th
City Temple State TX

Rx #36 JUL 15

Phenmetrazine
Hydrochloride 75mg.
Take one daily 22.50

Cauthe 478832 M.D.

Printed Name CAUTHEN

Refill ☒0 ☐1 ☐2 ☐3 ☐4 ☐5 ☐PRN

☐ Initial if Rx
Is not to be labeled

AC6692-2-77
DEA REGISTRY NUMBER

Michael E. Miller, the pharmacist at V & M Pharmacy, testified that upon receiving prescriptions, the writings are stamped by a six-digit number and are marked with the price (in this instance, $22.50) by the pharmacy. Another witness, Temple Police Officer Rodger Gant, testified that, as with all evidence he takes into possession, he marked the subject writing with his initials, "RLG", and the date, 7-15-80. We note no motion to quash was made regarding the "tenor" of the writing and that State's Exhibit Two, a true and correct copy of the writing, was admitted into evidence without objection.

Appellant relies upon *Armstrong v. State,* 573 S.W.2d 813 (Tex.Cr.App.1978); *Acuff v. State,* 429 S.W.2d 888 (Tex.Cr.

App.1968), and *Payne v. State*, 391 S.W.2d 53 (Tex.Cr.App.1965).

In *Armstrong, supra,* a check forgery case, the court holds there is a fatal variance where the check which appears in the indictment bears the date "2/19/74" and the bank transit number "88–135" and where the check introduced into evidence bears the date "12/19/74" and the bank transit number "88–1135". In *Acuff, supra,* and *Payne, supra,* the instruments set out in the indictment contained the words "forged" and "forgery", and both cases reversed convictions. We distinguish and explain these cases in the following paragraphs.

 As a general proposition, we agree with the rules set out in *Armstrong, supra,* and *Payne, supra:* When an alleged forged instrument is set out in the indictment in its tenor, the strictest proof is required and is furnished by an exact copy. Such was done in the case at bar. Further, we agree with *Armstrong, supra,* wherein it was stated that where the instrument alleged to be forged is set out in the indictment according to its tenor, "the writing offered into evidence must conform thereto *with almost* minute precision." (emphasis added). Such was complied with in our case.

We note that our review of authorities shows some earnest vexation in cases where the State has *elected to rely* on the "tenor" of the instrument by placing the writing in the indictment and where notations appear upon the instrument or writing which were patently not the work of the defendant, or where the proof differs in some other way. *See and compare Ex Parte Holbrook,* 609 S.W.2d 541 (Tex.Cr. App.1980). This vexation has been noted in *Anderson v. State,* 144 Tex.Cr.R. 26, 161 S.W.2d 88 (1942).

We also note that in *Payne, supra,* no attempt was made to explain how the word "forgery" came into being, while in the case at hand the notations were fully explained. We, however, are not prepared to

say that it should be the rule in every case that each and every notation not drawn by the accused must be fully explained by the person making such notation. Obtaining controlled substances by prescription in the real world, like commercial paper transactions, can be seen as a series of small transactions and we do not believe that each minute step need be explained in full to the jury. For this reason, we think *Anderson, supra,* sets forth the correct guiding principle wherein it is stated, 161 S.W.2d at page 88:

> "The test seems to be: Would the allegations contained in the indictment be sufficient and contain all the terms and conditions of the [writing] without the additional matter? Further, notations made after the passing ... endorsements, revenue stamps and memoranda, together with monograms, etc., which constitute no part of the forgery ... need be set out in the indictment and need not be proven, yet if they do appear in the record they constitute mere surplusage and unnecessary matter which are not effective to vary the evidence from that alleged in the indictment...."

*See also Walton v. State,* 650 S.W.2d 116 (Tex.App.—Houston [14th Dist.] 1983, no history).

In *French v. State,* 629 S.W.2d 279 (Tex. App.—Fort Worth 1982, disc. rev. ref'd), it was stated more tersely:

> "A variance is immaterial if it is inconceivable that the accused could have been misled or prejudiced thereby." (Citing *Anderson, supra* )

In the instant case, Appellant could not have been misled or prejudiced. Also, we note that our Court of Criminal Appeals has held, regarding the subject offense, that "once it is alleged that a named controlled substance was acquired or obtained by misrepresentation, et cetera, by using a forged prescription, an offense is charged, and neither the purport nor the tenor of that prescription is of any consequence in alleging the offense".[1] *Ex Parte Hol-*

---

1. The dissent in *Holbrook, supra,* makes us reluctant to find it entirely controlling of the case at bar.

*brook, supra,* at 545. Ground of Error Two is overruled.

In Ground of Error Three, a curious thing has transpired. The State has agreed with Appellant, has confessed error, and, as a consequence, has prayed for reversal of conviction and remand to the district court for new trial. We, however, take exception to the State's contention and for this reason refuse to reverse the conviction.

Concerning Ground of Error Three, Appellant and the State contend that the trial court erred in submitting a charge which permitted the jury to convict Appellant without a necessary, elemental allegation in the indictment. The indictment contained, as best we can ascertain, averments as to the law of parties. See TEX.PENAL CODE ANN. Sec. 7.02 (Vernon 1974). The court's charge, however, did not track the indictment exactly and this is the basis of the complaint. We note, however, the court *did* give a very adequate *instruction* on the law of the parties, tracking Sec. 7.02, and no objection was levied against the instruction or against the charge.

Appellant has cited cases where *essential elements of the offense* were omitted from the court's charge. The State has cited cases where the Court authorized the jury to convict on conduct not amounting to a violation of the law. We have found, however, one case similar to ours where the indictment contained recitals as to the law of parties and the conviction was affirmed. *Clark v. State,* 577 S.W.2d 238 (Tex.Cr.App.1979).

 Under the statute, the essential elements are (1) a person, (2) intentionally and knowingly, (3) acquires, obtains, or attempts to acquire or obtain possession, (4) of a controlled substance, (5) by misrepresentation, fraud, forgery, deception or subterfuge. See TEX.REV.CIV.STAT.ANN. art. 4476–15, Sec. 4.09(a)(3) (Vernon Supp. 1982–1983). *See also 4 Branch's Ann.Penal Statutes, Sec. 4.09* (3rd Ed.1974). Each of these elements was substantially set forth *both in the indictment and in the charge.* The inclusion in the indictment averring to the law of parties was not a necessary element to the indictment because under TEX.PENAL CODE ANN. Sec. 7.02 (Vernon 1974) there is no offense per se. Rather, the statute is as captioned an enactment concerning criminal responsibility for the conduct of another. Further, the indictment and charge authorized conviction for conduct amounting to a violation of the law. The language in the indictment referring to Appellant's assistance to Fowler was in the nature of surplusage. In *Cudd v. State,* 12 S.W. 1010 (Tex.App.1889) the court wrote, at page 1010:

> "The well-settled rule is that allegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage and may be entirely disregarded."

Also, in construing indictments, the context and subject matter in which the words are employed should be taken into consideration. *Butler v. State,* 551 S.W.2d 412 (Tex. Cr.App.1977). Here, the indictment, proof at trial and charge showed that Appellant was a party—indeed the mastermind—of the offense. Finally, because the court gave an instruction pertaining to the law of parties, no variance between the indictment and the charge could be claimed. Ground of Error Three is overruled.

AFFIRMED.