John Lloyd CHAMBERS, Appellant,

v.

The STATE of Texas, State.

No. 2–83–198–CR.

Court of Appeals of Texas, Fort Worth.

Oct. 15, 1987.

Burleson, Pate & Gibson and Robert T. Baskett, Dallas, for appellant.

Robert Huttash, State Pros. Atty. and Alfred Walker First Asst. State's Atty., Austin, and Molly Meredith and Tom Streeter, Asst. Dist. Attys., Dallas, for appellee.

Before BURDOCK, JOE SPURLOCK, II and LATTIMORE, JJ.

## OPINION ON REMAND

JOE SPURLOCK, II, Justice.

Upon original submission to this court we reversed the conviction for credit card abuse, TEX. PENAL CODE ANN. sec. 32.-31 (Vernon 1974) and ordered an acquittal upon insufficient evidence, by an unpublished opinion delivered on October 27, 1983. Petitions for discretionary review filed by the District Attorney and the State Prosecuting Attorney were refused by the Court of Criminal Appeals on April 4, 1984. Nevertheless, thereafter on December 3, 1984 the State Prosecuting Attorney was granted leave to file a motion for rehearing; the motion was granted. On June 4, 1986, our judgment was reversed and the cause remanded for our consideration of appellant's remaining point of error. *See Chambers v. State*, 711 S.W.2d 240 (Tex. Crim.App.1986). The majority opinion and the three dissenting opinions of the Court of Criminal Appeals extensively set out the facts in the case. We will relate only those facts necessary to be considered in disposition of appellant's sole remaining point of error. Appellant contends that there was a fatal variance between the indictment and the proof regarding the identity of the credit card alleged to have been used.

We affirm.

In pertinent part, the indictment alleges that appellant "did ... with intent to fraudulently obtain property and services, namely, the rent of a room, from Louise Dyringe Posey, knowingly and intentionally use and present an American Express credit card Number 3782 916388 22022 with knowledge that the card had not been issued to the said defendant, and that the said card was not used with the effective consent of the cardholder, Jerome Thomas Fiske." The claim of fatal variance arises out of the testimony of the cardholder and Posey that the American Express card number was 3782 916388 23022.

Posey testified as to the presentment by someone to another clerk of a credit card in the name of Jerome Fiske. Posey was not the clerk to whom the card was presented. The imprint of the credit card appears upon State's Exhibit No. 1. The imprint bears the number set out in the indictment, under which number appears the following:

JEROME FISKE

FISKE CO. INC.

The card was presented to secure a room at a Motor Inn in Irving early in the morning of December 15, 1981. The Court of Criminal Appeals has previously held the evidence sufficient beyond a reasonable doubt that Chambers presented the card used to obtain the room rental from Posey. There was other testimony that Chambers presented later that same day a Tennessee driver's license and an American Express credit card in the name of Jerome Fiske in nearby Richardson, in an effort to secure the rental of an automobile. A photostatic copy of the card imprint made at that time was placed into evidence as State's Exhibit No. 4. The two imprints on exhibits one and four are identical.

The witness Buchwald, who made the second imprint, testified that she had destroyed, then mailed the pieces of the original card to the issuer after she had called for an approval of the proposed rental charge and learned that the card had been stolen. Therefore, the credit card from which the imprints were made was not available at trial.

Chambers correctly states that a constituent element of the offense here charged is the use or presentment of a *credit card,* and that an indictment fails to allege an offense if that essential element is omitted. *Ex parte Mathis,* 571 S.W.2d 186, 187 (Tex. Crim. App. 1978). He then correctly reasons that the allegation regarding the name of the issuer and the number of the card are descriptive only of the credit card necessarily mentioned in the indictment. He asserts that the State, having chosen to identify the credit card by a specific number, failed to prove that Fiske was the cardholder of a credit card of the precise number alleged.

As late as 1986, the Court of Criminal Appeals reaffirmed what has long been the law of this State, in writing as follows:

(1) If a variance exists between the allegations and the proof, it may render the evidence insufficient to sustain the conviction. *Franklin v. State,* 659 S.W.2d 831 (Tex.Cr.App.1983); *Seiffert v. State,* 501 S.W.2d 124 (Tex.Cr.App.1973). Unnecessary words or allegations in an indictment may be rejected as surplusage if they are not descriptive of that which is legally essential to the validity of the indictment. *Windham v. State,* 638 S.W.2d 486 (Tex.Cr.App.1982). But where the unnecessary matter is descriptive of that which is legally essential to charge a crime, it must be proven as alleged even though needlessly stated. *Weaver v. State,* 551 S.W.2d 419 (Tex.Cr. App.1977).

*Wray v. State,* 711 S.W.2d 631, 633 (Tex. Crim.App. 1986); *see also Henderson v. State,* 126 S.W. 1133 (Tex.Crim.App.1910), quoting *Warrington v. State,* 1 Tex.App. 168 (Tex.App.—1876).

In determining if the State proved the identity of the described credit card, we briefly review the testimony in that regard. The witness Fiske testified that he was self-employed and had his own company, J. Fiske, Incorporated, in December, 1981. He checked into the Eight Days Inn in Irving, early in the morning of December 15th and then went to a nearby restaurant for coffee, after which he returned to his room and went to sleep. When he awoke, his wallet containing his Tennessee driver's license, his American Express card, and his Texaco card were missing. He then discovered his 1979 Lincoln Mark V had also disappeared, and called the police. The *only reference* to the identity of *his* American Express card occurring in his testimony is as follows, when the prosecutor asked:

Q. Would the card number—the American Express card number—have been 3782 9163 88 23022?

A. Yes, sir.

Fiske was never otherwise asked to look at or discuss any evidence concerning his stolen credit card. Only one other witness identified the credit card number.

The witness Posey identified State's Exhibit Number 1 as the imprint of the credit card presented at the Lexington Apartments and Motor Inn. She did so, when the prosecutor asked:

Q. Ms. Posey, can you tell me if the credit card number on the imprint is 3782 9163 88 23022?

A. It is.

We here recall that the indictment charged the misused card number to be 3782 9163 88 22022.

In reviewing the sufficiency of the evidence we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State,* 672 S.W.2d 801, 803 (Tex. Crim.App.1984). The essential question here is: did Chambers use the credit card of Jerome Fiske? The two imprints (exhibits one and four) in the record before us show directly, accurately, unequivocally, and silently the serial number on the credit card which was unlawfully used, and which belonged to a Jerome Fiske. However, the prosecutor misstated the number incorporated into his questions posed to both of the witnesses Fiske and Posey. Although the prosecutor never asked Fiske to identify the copy of either charge slip as being from his card, we hold that any rational

jury could have so concluded beyond a reasonable doubt that the number on the two imprints, the number contained in the indictment and in the court's charge were identical, and from the stolen credit card of Jerome Fiske.

The case cited by the appellant as dispositive of this issue, *Armstrong v. State,* 573 S.W.2d 813 (Tex.Crim.App.1978) is easily distinguished from the present case. In *Armstrong,* the defendant was charged with passing a forged check. The check number and date appeared in the indictment as No. 88–135, dated 2/19/74. The check introduced into evidence was No. 88–1135, dated 12/19/74. The check was the *only* evidence introduced; therefore, the allegata and probata *did not agree.* The existence of a fatal variance both as to the date and number is clear. The facts alleged in the indictment did not match the proof. The proof in our case is different.

The rule in *Armstrong,* and the rule we have earlier discussed have no application *until* a variance between the allegations and the evidence is evident from the record. Since we have found there to be no real variance in the case before us, the rule is not applicable. In our case we have other evidence than the mistaken testimony of live witnesses. We are loathe to reverse because of the prosecutorial act in asking the witnesses to agree with a number misstated by the prosecutor, when it is apparent from other evidence that a mistake was made by the witnesses.

We find the evidence otherwise clear that the card stolen from Jerome Fiske is *silently* identified by the exhibits sufficiently in the record to support the conviction. The allegation and proof are not in variance. We therefore overrule appellant's contention, and being bound by the opinion of the Court of Criminal Appeals as to the remainder of Chamber's contentions, we affirm the judgment of the trial court.