IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 





NO. 3-92-213-CR





WHEELER J. HOGUE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 40,542, HONORABLE STANTON B. PEMBERTON, JUDGE PRESIDING



 





PER CURIAM

 The district court found appellant guilty of forgery. Tex. Penal Code Ann. § 32.21
(West 1989 & Supp. 1992). The court assessed punishment, enhanced by a previous felony
conviction, at imprisonment for five years, probated.

 Appellant passed a forged check at a Killeen bank. His only point of error is that
there is a fatal variance between the check set forth in the indictment and the check introduced in
evidence at trial. There is no variance as to check number, account number, printed address,
payee, drawer, and amount. Appellant notes, however, that the check introduced in evidence
bears a teller's stamp and a handwritten military identification card number that do not appear on
the check described in the indictment. The teller who cashed the check testified that she stamped
the check and wrote the identification number when the check was presented to her.

 Appellant relies on Armstrong v. State, 573 S.W.2d 813 (Tex. Crim. App. 1978). 
In that case, the court held that when the instrument alleged to be forged is set out in the
indictment according to its tenor, the writing offered in evidence must conform thereto with
almost minute precision. 573 S.W.2d at 814. But as was later pointed out by the Court of
Criminal Appeals, Armstrong and other opinions containing similar language involve differences
between some specific item included in the allegation of the instrument and the corresponding item
in the instrument introduced at trial. McKellar v. State, 641 S.W.2d 240, 242 (Tex. Crim. App.
1982). A different rule applies when some matter that appears on the forged instrument
introduced at trial is omitted from the instrument set out in the indictment. In such cases, whether
the omission constitutes a fatal variance turns on the materiality of the omitted matter to the
sufficiency of the instrument. Id. 

 Markings added to a forged check for purposes of processing after it is passed are
mere surplusage and are unnecessary to the proof of the forgery. Carberry v. State, 701 S.W.2d
255, 257 (Tex. Crim. App. 1985). In this cause, the evidence shows that the teller's stamp and
the identification number were added to the check by the teller after it was passed by appellant. 
The variance of which appellant complains is not material, and therefore is not fatal to the
conviction. The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: December 9, 1992

[Do Not Publish]